Donell SCARBORO, et al., Plaintiffs,

v.

The TRAVELERS INSURANCE COMPANY, et al., Defendants.

Civ. No. 2–80–76.

United States District Court, E. D. Tennessee, Northeastern Division.

Aug. 26, 1980.
On Motion In Limine June 17, 1981.

Ben K. Wexler and Robert Payne Cave, Greeneville, Tenn., for plaintiffs.

N. R. Coleman, Jr., Greeneville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed diversity action seeking a recovery under a policy of insurance. 28 U.S.C. §§ 1441(a), (b); 1332(a)(1), (c). The crucial question implicated herein is whether " * * * accidental bodily injuries * * * " were " * * * the direct and independent cause * * * " of the death of the insured so as to entitle the plaintiffs to benefits under the policy. Each side moved for a summary judgment, supported respectively with evidentiary materials. Rule 56(a), (b), Federal Rules of Civil Procedure.

■ It is obvious to the Court that the cause of the death of Mr. Looney is in dispute and that genuine issues of material fact are extant between the parties herein.* In considering cross-motions for a summary judgment, the Court is not permitted to weigh the evidence presented or to attempt to resolve the conflicts therein. *United States v. Articles of Device, Etc.*, C.A. 6th (1976), 527 F.(2d) 1008, 1011[2, 3]. The cause of the death of the insured must be determined at trial and not by pretrial motion. Each such motion hereby is

DENIED. Rule 56(c), Federal Rules of Civil Procedure.

* The fact that both sides have sought summary judgment, each contending that no genuine issue of material fact exists, does not require the

On Motion In Limine

## MEMORANDUM OPINION AND ORDER

■ The plaintiffs' motion in limine hereby is OVERRULED. In this circuit such motions are disfavored.

" * * * A better practice is to deal with questions of admissibility of evidence as they arise [during the course of the trial]. * * * " *Sperberg v. Goodyear Tire & Rubber Co.*, C.A. 6th (1975), 519 F.(2d) 708, 712[1]. The plaintiffs will have ample opportunity to object to the disputed evidence when, and if, it is offered at trial. There are provisions designed to prevent inadmissible evidence from coming to the attention of the jury. *See* Rules 103(c), 104(c), Federal Rules of Evidence.

conclusion that no such factual issue exists. *Begnaud v. White*, C.A. 6th (1948), 170 F.(2d) 323, 327[7].