**CITIZENS SAVINGS BANK AND TRUST COMPANY,
Plaintiff-Appellee,**

v.

**L.H. HARDAWAY, Jr.,
Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 15, 1986.

Rehearing Denied Sept. 25, 1986.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 20, 1987.

---

Renard A. Hirsch, Sr., Nashville, for plaintiff-appellee.

Weldon B. White, Jr., Nashville, for defendant-appellant.

## OPINION

LEWIS, Judge.

This is an appeal by defendant L.H. Hardaway, Jr., from the trial court's granting of plaintiff, Citizens Savings Bank and Trust Company's (Bank), motion for summary judgment.

Defendant's sole issue is

[w]hether the trial court properly granted the plaintiff's motion for summary judgment, when there were material issues of fact to be determined by the trial court as set forth in the answer of the defendant, the affidavit of the defendant and of a witness, all of which were undisputed by the plaintiff.

The Bank filed its complaint against Hardaway in which it alleged that Hardaway "is indebted to the plaintiff in the amount of $11,009.67, as evidenced by a promissory note dated August 20, 1980, signed by L.H. Hardaway, Jr., in the principal amount of $155,696.00 and payable on demand ... The principal amount of said indebtedness has been reduced by the amount of $144,686.33, leaving an unpaid principal balance of $11,009.67."

The complaint further alleged that the balance was due and payable and that Hardaway had failed and refused to pay the amount due.

Hardaway admitted that he executed the note in question but insists that it was executed by him as an accommodation to the Bank and, further, that the Bank had accepted payment in settlement of the note from the guarantors of the letters of credit. Hardaway denied that he was indebted to the Bank "in any amount."

Thereafter, both the Bank and Hardaway filed motions for summary judgment.

Hardaway, in support of his motion, filed his affidavit and the affidavit of Robert W. Fidler, Vice-President of Guaranty Mortgage Company (Guaranty).

Mr. Fidler, in his affidavit, states that Guaranty was preparing, on August 20, 1980, for the final closing on the Pines Apartments on which it was the construction lender. The managing general partner of the Pines called Fidler and informed him that the Pines did not have the money to pay all of the closing costs and that Guaranty would have to call the letters of credit issued by the Bank on behalf of Tom Ford and Bill Landers in favor of Guaranty in the amount of $155,696. Then he went to the Bank and presented to Richard Lewis, President of Citizens Bank, and Sarah Lloyd, an employee of the Bank, the letters of credit for payment. The Bank refused to fund the letters of credit "due to the fact that they had no note in their file to back up the funding, which would have become a loan." Mr. Fidler then called Hardaway, who immediately came to the Bank. Fidler called Hardaway to help him solve the problem since Hardaway Construction Company had finished the construction of the Pines Apartments when the prior contractor "walked off the job." Hardaway met with Fidler at the Bank and agreed with Mr. Lewis "as an accommodation" to

the Bank to sign a note on condition that the note would only be held until the Bank pursued the original guarantors of the letters of credit. The Bank, after Hardaway executed the note, delivered to Fidler its check in the amount of $155,696 payable to Guaranty. The proceeds of the check were used to pay closing costs so that permanent financing could be put in place on the Pines.

Hardaway, in his affidavit, states that he met with Mr. Fidler and Mr. Lewis at the Bank where he was informed that the Bank would not fund the letters of credit because it did not have a note in its file to fund against, that he "signed the note upon which Citizens has filed suit as an accommodation to Citizen" and that he "received no benefits from signing the note," that "[t]he Note was delivered to Lewis so that the Bank would at least have a note in its file to fund against. At that time, or thereafter, we agreed that Citizens would hold the note until Citizens could sue or collect as much as possible from the true debtor or debtors of the obligation, at which time the note was to be returned to me."

Mr. Hardaway filed a second affidavit in which he states that he received no proceeds of the note, that the Bank knew at the time it was made on August 20, 1980, that he was not responsible for the note, and that he had signed the note "to buy some time for the Bank to sue the true guarantors of the letters of credit."

The Bank has not in any manner refuted the answer or affidavits of Hardaway and Fidler.

In ruling on a motion for summary judgment, the trial court and this Court should consider the matter in the same manner as a motion for a directed verdict at the close of plaintiff's proof. All evidence should be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact should be drawn in favor of the opponent. *Daniels v. White Consolidated Industries, Inc.,* 692 S.W.2d 422, 424 (Tenn.App.1985).

■ The promissory note here clearly designated Hardaway as the maker of the note and the Bank as the payee. The Bank therefore insists that such an unambiguous

instrument is for the court to interpret as written. Tennessee Code Annotated § 47–3–415(3) states: "As against a holder in due course and without notice of the accommodation oral proof of the accommodation is not admissible to give the accommodation party the benefit of discharges dependent on his character as such. *In other cases the accommodation character may be shown by oral proof.*" (emphasis added). Here, the Bank cannot claim to be a holder in due course without notice. Thus, despite its unambiguous nature, the Court may look beyond the face of the promissory note and allow Hardaway to prove his status as an accommodation party to the Bank by way of parol evidence.

Having determined that Hardaway may offer parol evidence, we look now to what material factual questions, if any, are involved.

The basic facts are not disputed. The amount, date, and the fact of execution of the instrument are not questioned. Neither is there any allegation of fraud. Both Hardaway and the Bank agree that the Bank did indeed issue the letters of credit.

It is without question that it was because Guaranty desired an immediate advance of the funds for the letters of credit that Hardaway executed the promissory note. However, at this point there is a difference of opinion between the parties. The Bank contends that Hardaway signed the note as maker. Hardaway, on the other hand, insists that he signed the note as an accommodation to the Bank in order to give the Bank time to collect from the guarantors of the letters of credit.

■ Where a dispute exists as to a material fact, the trial court is bound to overrule a motion for summary judgment, and the matter must be tried and the disputed issue determined at a full evidentiary trial. *United American Bank of Memphis v. Gardner,* 706 S.W.2d 639, 640 (Tenn. App.1985). The fact that both the Bank and Hardaway have sought a summary judgment, each contending that no genuine issue of material fact exists, does not require the conclusion that no such factual issue exists. *Scarboro v. Travelers Insurance Co.,* 91 F.R.D. 21 (E.D.Tenn., 1980).

Here, there is a dispute as to a material fact. The Bank asserts that Hardaway signed as maker of the note and should be liable for the amount still owing on it. Hardaway presented the trial court with two affidavits, his own and that of Mr. Fidler, which support his contention that the parties understood Hardaway to be signing the note as an accommodation party only, *i.e.*, so the Bank would have a note in its file but that the Bank would collect from the guarantors of the letters of credit and would return the note to Hardaway.

Even when basic facts are not in dispute, parties in good faith may nevertheless disagree about the inferences to be drawn from these facts. *Prescott v. Adams*, 627 S.W.2d 134, 138–139 (Tenn.App. 1981). The parties here quite clearly do not agree as to whether or not the situation was such that Hardaway, and possibly others as well, believed that he was signing only as an accommodation to the Bank. This issue thus boils down to a credibility dispute. Whose testimony is more believable on this question, the plaintiff's or the defendant's? In considering a motion for summary judgment, the trial court may not weigh the evidence or determine the credibility of the witnesses. *Taylor v. Nashville Banner Publishing Co.*, 573 S.W.2d 476, 485 (Tenn.App.1978), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979). Additionally, the Bank in this case has the burden of demonstrating that there is no genuine issue of fact and any doubt as to the existence of such an issue is resolved against the moving party. *See Evco Corp. v. Ross*, 528 S.W.2d 20, 25 (Tenn.1975).

Here, the Bank has failed to show and has made no effort, other than relying on the complaint, to show that there is no material issue of fact present. Hardaway has shown that there is a dispute as to whether or not he was signing as an accommodation party. Under the facts in this case, it was inappropriate to dispose of the case by summary judgment.

The judgment of the Chancellor in granting the Bank's motion for summary judgment is reversed with costs assessed against the Bank and the cause remanded to the Chancery Court for collection of costs and further necessary proceedings.

TODD, P.J. (M.S.), and MARTHA CRAIG DAUGHTREY, Special Judge, concur.

## ORDER ON PETITION TO REHEAR

LEWIS, Judge.

Citizens Savings Bank and Trust Company has filed a petition to rehear which the Court has considered and found to be without merit.

It is therefore ORDERED that the petition be and the same is hereby denied at the cost of Citizens Savings Bank and Trust Company.

TODD, P.J. (M.S.), and MARTHA CRAIG DAUGHTREY, Special Judge, concur.