Charles GALBREATH, Plaintiff-Appellant,

v.

Robert C. HARRIS and wife, Frances A. Harris, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section at Nashville.

Sept. 6, 1989.

Application for Permission to Appeal Denied by Supreme Court Oct. 30, 1989.

Charles Galbreath, Nashville, pro se.

Gail Pigg, Nashville, for defendants-appellees.

## OPINION

LEWIS, Judge.

Plaintiff Charles Galbreath appeals the trial court's order granting the defendants' summary judgment motion.

The pertinent facts are as follows:

Mr. Galbreath owned a one-half interest and defendants, Robert Harris and wife Frances Harris, owned a one-half interest in two parcels of real estate. Each parcel was developed for use as a car wash.

On 29 March 1977, the parties entered into a ten-year lease agreement. Mr. Galbreath agreed to lease his one-half interest in both parcels to Mr. Harris and his wife for $1,077.33 per month or seven percent of monthly gross receipts, whichever was greater.

On 21 February 1979, an amendment to the ten-year lease was entered into by the parties. The amendment purported to do two things; one, defer rent accrued and owed by the defendants to the plaintiff, and two, extend the lease an additional two years.

The amendment to the lease provides in pertinent part as follows:

1. The rent provided for Parcel 1, 405 Northcrest Drive, more particularly described in said lease, *for a two-year period commencing March 1, 1979 and ending February 29, 1980,* is deferred until the expiration of said lease on the 31st day of March, 1987 and the term of said lease is hereby extended for an additional two years, or until the 31st day of March, 1989, with interest of $700, payable of [*sic*] the 1st day of April, 1979 and a like amount on the 1st day of April, 1980. [Emphasis added]

There is a patent ambiguity in the amendment. It is unclear whether the amendment defers payment of the rent accrued over a one or a two year period.

Mr. Harris and his wife paid rent to Mr. Galbreath from the inception of the lease on 29 March 1977 through February 1979. Then, in accordance with the 21 February 1979 amendment, Mr. Harris and his wife discontinued rent payments to Mr. Galbreath.

On 15 October 1980, the premises were, by agreement of the parties, leased to a third party. At this point Mr. Harris and his wife had not paid rent to Mr. Galbreath for a period of nineteen months. The parties agree that the lease and amended lease terminated when the premises were leased to the third party.

Subsequently, the parties divided the two parcels of property between them, with Mr. Galbreath receiving title to one parcel and Mr. Harris and his wife receiving title to the other.

Mr. Harris and his wife insist that with the property distribution and the lease to the third party resulting in termination of the lease between Mr. Galbreath and Mr. Harris, all obligations between the parties were terminated, including the outstanding accrued rent.

Mr. Galbreath argues that past rent indebtedness was not forgiven and that the nineteen months' unpaid rent became due with the expiration of the period agreed upon by the parties on 31 March 1987.

Both Mr. Galbreath and the Harrises moved for summary judgment. The trial court concluded that the lease and amendment to the lease were terminated by agreement of the parties in 1980. The trial

court implicitly found that the obligation to pay the nineteen months' unpaid rent also terminated and granted Mr. Harris' and his wife's motion for summary judgment.

The single issue presented by the plaintiff is: "Was the Trial Judge in error in holding that the defendant tenant was not liable for rent that had already accrued but not paid upon agreed termination of the lease?"

 Summary judgment is appropriate when there is no dispute as to material facts. *Citizens Savings Bank & Trust Co. v. Hardaway*, 724 S.W.2d 352, 354 (Tenn. App.1986). The fact that each party has sought summary judgment, both contending that no genuine issue of material facts exist, does not require the conclusion that no such factual issue exists. *Scarboro v. Travelers Ins. Co.*, 91 F.R.D. 21, 22 (E.D. Tenn.1980).

Rent is the "[c]onsideration paid for use or occupation of property." *Black's Law Dictionary* 1461 (Rev. 4th ed.1968). The simple termination of a lease does not normally excuse rent unpaid before termination.

There is a distinction between rents "to accrue" and "accrued rents." 49 Am.Jr.2d *Landlord & Tenant* § 515 (1970). "Generally, liability for future rent under a lease is extinguished by cancellation of the lease, as where the lease is cancelled in legal proceedings or by mutual agreement of the parties. However, the tenant remains liable for rent due or accruing before the cancellation becomes effective." 52 C.J.S. *Landlord & Tenant* § 491 (1968) (footnotes omitted).

There is a factual dispute regarding the intention of the parties. Mr. Harris and his wife insist that it was the intention of the parties that the accrued rent terminated. Mr. Galbreath insists that the accrued rent did not terminate and that Mr. Harris and his wife had simply failed to pay the outstanding rent when it became due in 1987.

There is therefore under the record before us a factual dispute regarding whether the parties came to an agreement releasing Mr. Harris and his wife from their obligation to pay the accrued rent. Since there is a dispute regarding a material fact, summary judgment is not appropriate.

Mr. Harris and his wife insist that in any event the statute of limitations has run since the lease was terminated in 1980 and suit was not brought until 19 August 1988.

The amendment to the lease provided that the accrued rent was deferred until 31 March 1987. We find nothing in the record to show otherwise. Therefore, under the record before us at this time, Mr. Galbreath's suit is not barred by the statute of limitations set forth in Tenn.Code Ann. § 28–3–109.

Summary judgment was not appropriate. The judgment of the trial court is therefore reversed and the cause remanded for further necessary proceedings and the collection of costs which are assessed to the defendants.

TODD, P.J., and CANTRELL, J., concur.