Loenco v. Londonderry, et al.        CV-95-455-M    01/15/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Loenco, Inc.,
      Plaintiff

      v.                                    Civil No. 95-455-M

Town of Londonderry,
Board of Sewer Commissioners,
Hoyle, Tanner & Associates, Inc.,
and Pace Industries, Inc.,
      Defendants


**O R D E R**

      This dispute arises out of the construction of the

Charleston Avenue Wastewater Pumping Station in Londonderry, New

Hampshire.  In 1992, the Town of Londonderry contracted with

Hoyle, Tanner & Associates, Inc. ("HTA") to design and monitor

construction of the station.  The Town then contracted with

plaintiff, Loenco, Inc., to construct the station.  When the

project was not completed on schedule, HTA recommended that the

Town terminate plaintiff.  The Town accepted that recommendation,

terminated plaintiff, and hired a third party to complete

construction of the station.


      Plaintiff now seeks damages, from both the Town and HTA,

which it claims to have suffered as a direct result of its having

been wrongfully terminated from the project.  In anticipation of

trial, the Town and HTA have filed a number of motions in limine,

seeking exclusion of certain evidence at trial.

**Discussion**

The primary purpose of a motion in limine is to prevent unfair prejudice at trial by obtaining a definitive ruling on the admissibility of certain evidence at the outset, thereby preventing the non-moving party from referring to inadmissible and/or inappropriately prejudicial evidence in an opening statement or eliciting such evidence from a witness. In re Wyoming Tight Sands Antitrust Cases, No. 85-2349, 1990 WL 155542 at *2 (D.Kan. Sept. 6, 1990). Of particular concern is the preclusion of plainly inadmissible evidence which, because of its nature, would undeniably prejudice a jury or taint a trial in such a profound way that a limiting instruction from the court would be of no effect or value.

Nevertheless, evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds because, in the context of a trial, evidence which is inadmissible for one purpose may be admissible for another. Middleby Corp. v. Hussmann Corp., No. 90-C-2744, 1993 WL 151290 at * 1 (N.D.Ill. May 7, 1993); Estate of Carey v. Hy-Temp Mfg., Inc., No. 82-C-7171, 1991 WL 161394 at * 1 (N.D. Ill. August 19, 1991). Therefore, rulings on the admissibility of evidence should ordinarily be deferred until trial, so that the court may resolve questions of foundation, relevancy, and potential prejudice in proper context. See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); West Coast Video

_Enterprises, Inc._ v. _Ponce De Leon_, No. 90-C-1236, 1991 WL 49566 at * 1 (N.D. Ill. April 3, 1991).  _See also_ _Scarboro_ v. _The Travelers Ins. Co._, 91 F.R.D. 21, 22 (E.D. Tenn. 1981) ("In this circuit [motions in limine] are disfavored.  A better practice is to deal with questions of admissibility of evidence as they arise during the course of trial.") (citation omitted).

Accordingly, where either the Town or HTA has sought to exclude broad categories of evidence, the court has generally denied the motions.  Of course, denial of a motion in limine to exclude evidence at trial does not necessarily mean that all such evidence will be admitted at trial; a court may deny the motion simply because it is unable or unwilling to rule on the admissibility of the evidence out of the context of a trial. _Middleby Corporation_ v. _Hussmann Corporation_, _supra_. Consequently, the advance rulings on the admissibility of evidence issued in this order are subject to modification or repeal, upon proper motion or objection of the parties at trial.

A.   Londonderry's Motion to Preclude Introduction of Evidence Relating to Settlement Discussions (document no. 62).

The Town moves the court to exclude "any evidence concerning offers to compromise any matter in dispute or any conduct or statements made in compromise negotiations."  The Town is correct in asserting that evidence of furnishing, or offering, or accepting consideration in compromising a claim is not ordinarily admissible to prove liability.  _See_ Fed. R. Evid. 408.  The Town

has not, however, identified any specific evidence with regard to which it seeks an evidentiary ruling prior to trial. Accordingly, should plaintiff seek to introduce any evidence at trial which the Town believes is properly excludable under Rule 408, the Town should interpose a timely objection. The Town's motion in limine (document no. 62) is denied.

B.   Londonderry's Motions to Exclude Testimony of Mark Dupont, C.P.A. (document nos. 63 and 84).

Plaintiff has represented that it intends to call Mr. Dupont as both an expert and fact witness. The Town claims that plaintiff should not be permitted to call Mr. Dupont in either capacity. The Town previously objected to plaintiff's filing of Mr. Dupont's expert report, claiming that it was untimely. In response, the court held:

> Per hearing held on 10/6/97: [defendant's] motion granted to the extent that Mr. Dupont may testify as to preparation of company financial statements and financial facts related to the company, but may not give opinion testimony re: future lost profits.

In light of the court's prior order, the Town's motions in limine (document nos. 63 and 84) are granted in part and denied in part. Plaintiff may call Mr. Dupont, who may testify to the extent outlined in the court's prior order.

C.   Londonderry's Motion to Exclude Evidence Relating to Claims for Additional Compensation (document no. 64).

4

The Town also moves to exclude any evidence relative to plaintiff's claim that it is entitled to compensation beyond the amount of its contract with the Town for work which was: (1) performed outside the scope of the contract specifications; and (2) with regard to which plaintiff failed to provide prior written notice, as required by the contract. While the Town may be correct in asserting that such evidence is properly excludable with regard to plaintiff's breach of contract claim, such evidence is plainly relevant to its claims sounding in quantum meruit. Accordingly, the Town's motion in limine (document no. 64) is denied.

D.    Londonderry's Motion to Exclude Evidence Relating to Reasons the Completion of the Project was Delayed (document no. 65).

The Town moves the court to preclude plaintiff from introducing any evidence concerning its claim that it was delayed in completing construction of the project for reasons beyond its control, unless it first introduces evidence that it promptly notified the Town in writing of the causes of such delay(s) (as required by the contract). Plaintiff's objection is, unfortunately, largely unintelligible. Nevertheless, in the absence of a more thorough discussion of the issue by the parties, the court cannot rule that, as a matter of law, the challenged evidence is inadmissible with regard to all of plaintiff's claims. Accordingly, the Town's motion in limine (document no. 65) is denied.

5

E.  <u>Londonderry's Motion to Exclude Evidence that the Town
    Refused to Allow Plaintiff to Perform Additional Work at the
    Project (document no. 66)</u>.

The Town also moves to exclude any evidence that it refused to allow plaintiff to cure any alleged breaches of the construction contract.  The Town claims that the contract permitted it to unilaterally terminate plaintiff upon seven days' written notice.  It also claims that plaintiff had no contractual right to cure the default(s) which gave rise to its termination.  Plaintiff, on the other hand, claims that the contract specifically gave it ten days within which to cure any alleged defaults.  Accordingly, plaintiff claims that the Town's refusal to allow it to enter the project and cure any alleged defaults is both relevant and material to its claims.

It appears that the relevance of the evidence referenced in the Town's motion will turn upon (among other things) a determination of whether plaintiff was terminated pursuant to section 22.1 or 22.2 of the contract.  At this stage, that factual question appears to be disputed.  Accordingly, the court cannot rule, as a matter of law, that the challenged evidence is properly excludable.  The Town's motion in limine (document no. 66) is denied.

F.  <u>Londonderry's Motion to Exclude Evidence Regarding Lost
    Profits (document no. 67)</u>.

The Town says that consequential damages arising from a breach of contract are only recoverable if they were reasonably

6

foreseeable when the contract was formed. It then claims that plaintiff should be precluded from introducing any evidence regarding consequential damages because "upon information and belief, the plaintiff will not be able to introduce any evidence that loss of profits on future construction contracts was a reasonably foreseeable result" of the Town's conduct.

For reasons that should be obvious, the Town's motion is denied. At this juncture, the court is not prepared to rule that plaintiff cannot prove that its damages were reasonably foreseeable. They may well have been — it is entirely likely that engineering firms are well aware that terminating a contractor will adversely affect the ability to obtain bonding in the future, without which most jobs become unavailable. Plainly, that is a factual question that will be resolved in the context of trial. The Town's motion in limine (document no. 67) is denied.

G.   HTA's Motion to Exclude Evidence Regarding Consequential Damages (document no. 87).

HTA seeks to preclude plaintiff from introducing evidence of consequential damages (in the form of, among other things, lost profits). HTA claims that such damages are purely "economic losses," which are not recoverable in a tort action (HTA and plaintiff had no contractual relationship). While HTA raises an interesting legal question concerning the extent to which a plaintiff may recover economic losses from a defendant with whom

7

it was not in privity, it has failed to establish that such evidence is plainly inadmissible on all potential grounds. Accordingly, HTA's motion in limine is denied, with leave to object in the context of trial. To the extent that evidence of plaintiff's economic losses is admissible against the Town, but not HTA, the court will entertain HTA's suggestions regarding an appropriate limiting instruction.

H.  HTA's Motion to Exclude Evidence Regarding Intentional Interference Claim (document no. 88).

HTA moves to exclude any evidence that it may have tortiously interfered with plaintiff's contractual relationship with the Town. It claims that as the project engineer, it is entitled to quasi-judicial immunity from liability for any claims relating to the professional advice it rendered to the project owner (the Town). Consequently, it says that the challenged evidence is simply not relevant.

HTA has, however, failed to persuade the court that its asserted right to quasi-judicial immunity in this matter is consistent with the governing law of New Hampshire. Moreover, to the extent that such immunity turns upon a determination of whether HTA acted in good faith (see, e.g., HTA's motion at 3), that factual issue must be resolved at trial. Accordingly, HTA's motion (document no. 88) is denied.

8

I. <u>HTA's Motion to Exclude Testimony and Documents Prepared by Mark Dupont (document no. 89)</u>.

HTA, like the Town, moves to exclude certain testimony of Mark Dupont. For the reasons discussed above in section B and in the court's order dated October 6, 1997, HTA's motion is granted in part and denied in part. Plaintiff may call Mr. Dupont, who may testify to the extent outlined in the court's prior order.

## Summary

Consistent with the findings and rulings discussed above, and subject to modification in the context of trial, the court rules as follows with respect to the parties' pending motions in limine:

A. Londonderry's Motion to Preclude Introduction of Evidence Relating to Settlement Discussions (document no. 62) is denied.

B. Londonderry's Motions to Exclude Testimony of Mark Dupont, C.P.A. (document nos. 63 and 84) are granted in part and denied in part.

C. Londonderry's Motion to Exclude Evidence Relating to Claims for Additional Compensation (document no. 64) is denied.

D. Londonderry's Motion to Exclude Evidence Relating to Reasons the Completion of the Project was Delayed (document no. 65) is denied.

E. Londonderry's Motion to Exclude Evidence that the Town Refused to Allow Plaintiff to Perform Additional Work at the Project (document no. 66) is denied.

F. Londonderry's Motion to Exclude Evidence Regarding Lost Profits (document no. 67) is denied.

G. HTA's Motion to Exclude Evidence Regarding Consequential Damages (document no. 87) is denied.

9

H.  HTA's Motion to Exclude Evidence Regarding Intentional Interference Claim (document no. 88) is denied.

I.  HTA's Motion to Exclude Testimony and Documents Prepared by Mark Dupont (document no. 89) is granted in part and denied in part.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge


January 15, 1998

cc:  Martha e. Howe, Esq.
     Andrew W. Serell, Esq.
     Jeffrey L. Alitz, Esq.