8L  29
12L  92

JUDY AND NANCY LYNN v. TELLICO MANUFACT'G CO.

PLEADINGS AND PRACTICE. *Forcible entry and detainer. Appeal. Pauper oath.* The defendant in an action of forcible entry and detainer before a justice of the peace may appeal from the judgment against him, awarding to the plaintiff a writ of possession, by taking the oath prescribed for poor persons, although the writ of possession be not executed at the time by the voluntary forbearance of the plaintiff.

### FROM MONROE.

Appeal in error from the Circuit Court of Monroe county.    S. A. ROGERS, J.

ROBERT PRITCHARD for Lynn.

T. E. McCROSKEY for Company.

COOPER, J., delivered the opinion of the court.

The Tellico Manufacturing Company brought an action of forcible and unlawful entry and detainer against Judy and Nancy Lynn, before a justice of the peace.    The justice rendered judgment in favor of the company, and awarded a writ of possession.    The Lynns prayed an appeal to the circuit court, which was granted "on the requirement law," and they took the oath prescribed for poor persons.    The company, thereupon, executed a bond with good security, as required by the Rev. Statutes, sec. 3373 a, in double the value of one year's rent of the land, conditioned

to pay all costs and damages which might accrue from wrongfully enforcing the writ of possession, and to abide by and perform the judgment of the appellate court on final hearing. In the circuit court the company moved to dismiss the appeal because taken under the pauper oath, and the motion was sustained. The Lynns then applied to the court to be allowed to give bond for the rent of the land for one year, but not for the costs of appeal, and to be permitted to prosecute the appeal under the pauper oath, but the application was refused. They have brought the case into this court by writ of error. The record does not show that the writ of possession was executed up to the time of the dismissal of the appeal in the circuit court.

Under the statutes previous to the Code, and brought into that compilation in secs. 3360 to 3362 inclusive, it was held that a defendant against whom judgment had been rendered in an action of forcible entry and detainer, could not take the case into the circuit court under the pauper oath: *Norton* v. *Whitesides*, 5 Hum., 381. By the Code, the bond required for an appeal or *certiorari* to take the case into the circuit court was to be in double the value of one year's rent of the premises, conditioned to pay costs and damages. Afterwards, the act of 1870, ch. 64, was passed (Rev. Stat., sec. 3373 *a et seq.*), which provided that whenever the judgment of the justice was in favor of the plaintiff, and a writ of possession awarded, the writ should be executed, "and the plaintiff immediately restored to the possession," with a

proviso that if the defendant appealed from the judgment the plaintiff should execute bond, with security, in double the value of one year's rent, conditioned to pay costs and damages, and perform the judgment of the appellate court. In *Burns* v. *Haggard*, 11 Heis., 122, it was held that if the writ of possession in such a case was executed, the defendant might appeal *in forma pauperis*, the act of 1870 having modified the previous law so as to substitute the possession of the land in place of the bond previously required from the defendant when he remained in possession. The question in the case before us is whether the previous law is so modified when the plaintiff is entitled to the immediate possession of the land by the execution of the writ of possession, but fails to execute it. And we think it is, because the prosecution of the appeal will not affect the right of the plaintiff to the possession of the land. If the defendant executed an appeal bond, it would only be for costs, and the pauper's oath may always be taken in lieu of such a bond.

Reverse and remand.