HAWKINS v. ALEXANDER.

(*Nashville.* March 17, 1892.)

1. FORCIBLE ENTRY AND DETAINER. *Bond for rents not required upon defendant's appeal, when.*

An unsuccessful defendant, who appeals from a justice's judgment in forcible entry and detainer, and is permitted to remain in possession, cannot be required to give bond for rents of the land accruing during the pendency of the appealed case in the Circuit Court. The plaintiff's remedy is to give bond for rents himself, and take and hold possession pending the appeal.

Code construed: §§ 4090, 4092 (M. & V.); § 3360 (T. & S.).

Acts construed: Acts 1869–70, Ch. 64; Acts 1871, Ch. 75.

Cases cited and approved; Norton v. Whitesides, 5 Hum., 381; Lynn v. Manufacturing Co., 8 Lea, 29; McGhee v. Grady, 12 Lea, 92.

*Aliter*, where case is removed to Circuit Court by *certiorari*, or taken from Circuit to Supreme Court by appeal.

(See Code, § 4099 (M. & V.), and Acts 1879, Ch. 85.)


2. SAME. *Same. Judgment for rents erroneous.*

And judgment of the Circuit Court for rents given upon such bond, if improperly required, is erroneous and reversible.

Cases cited and approved: Ladd v. Riggle, 6 Heis., 620; Sherrill v. Madry, 6 Lea, 231.


---

FROM FRANKLIN.

---


Appeal in error from Circuit Court of Franklin County. M. D. SMALLMAN, J.

Action of unlawful detainer by J. R. Hawkins against Alexander and Brazelton. From judgment before the Justice of the Peace in favor of the plaintiff, the defendants appealed, and remained in possession.

In the Circuit Court the defendants were required to give bond to cover rents that should accrue pending the appeal.

Defendants were again unsuccessful in the Circuit Court, and judgment entered against them and their sureties upon their bond. Defendants appealed.

GEO. E. BANKS for Hawkins.

ESTELL & ALEXANDER for Alexander.

LURTON, J. This is an action of unlawful detainer begun before a justice. There was judgments in favor of the plaintiff, from which the defendants appealed to the Circuit Court. Pending the appeal, defendants were suffered to remain in possession, the plaintiff not choosing to avail himself of his right to sue out a writ of possession, which he might have done, notwithstanding the appeal, upon giving the bonds required by the statute. Code (M. & V.), § 4092.

Defendants had executed a bond, upon obtaining this appeal, in the sum of $250, conditioned, upon failure to prosecute successfully, to pay all costs and damages, and to abide by and perform the judgment of the Court.

At the April Term of the Circuit Court the defendants, under order of the Court, executed another bond to secure rents pending appeal. At the succeeding term they dismissed their appeal, whereupon the court entered up judgment upon this latter bond for the value of the rents pending the appeal. From this judgment for rents they have appealed. Under § 3360, Code of 1858, the defendant, upon appealing from a judgment against him in an action of this kind, was required to give a bond, " as in the case of a *certiorari*," in double the value of one year's rent, conditioned to pay all costs and damages. Under that provision an appeal in *forma pauperis* did not lie. *Norton* v. *Whitesides*, 5 Hum., 381.

The bond was intended to secure rents pending the appeal, and was the only protection the plaintiff had against a frivolous appeal. But by the subsequent Acts of 1869–'70, Ch. 64, and 1871, Ch. 75, carried into the compilation of Milliken and Vertrees at §§ 4090 and 4092, the successful plaintiff was given the right to sue out and have executed a writ of possession, upon giving bond in double the value of one year's rent, conditioned to pay all costs and damages accruing from the wrongful suing out of the writ. The effect of these Acts has been to allow the defendant to appeal in such cases, upon giving ordinary cost-bond or upon the pauper's oath. This was expressly so ruled in *Lynn* v. *Tellico Manufacturing Company*, 8 Lea, 29; and approved in *McGhee* v. *Grady*, 12 Lea, 92.

There was therefore no authority for the requirement of the bond to secure rents. If the plaintiff suffered the defendant to remain in possession after the judgment of the Justice, he did so at the risk of the loss of his rent, for he can look only to his personal action for rents after recovery of possession. The defendant in such a judgment by a Justice can only secure his possession pending further litigation by suing out writs of *certiorari* and *supersedeas*, and entering into bond to secure costs and rents. Code (M. & V.), §§ 4093, 4094. Or if the judgment of the Circuit Court be adverse to him, he can remain in possession by executing bond to secure rents pending appeal to this Court, as required by the Act of 1879, Ch. 85, and Code (M. & V.), § 4099. Notwithstanding defendants gave bond to secure rents pending appeal to the Circuit Court, there was no jurisdiction to render judgment for such rents. A similar ruling was made by this Court before the Act of 1879, Ch. 85, in regard to a like bond made in the Circuit Court to secure rents pending appeal to this Court. *Ladd* v. *Riggle*, 6 Heis., 620; *Sherrill* v. *Mady*, 6 Lea, 231.

The result is, that the judgment for rents pending appeal was erroneous and must be reversed. There will be judgment here against Alexander & Brazelton for the costs of the Justice and of the Circuit Court, and judgment against Hawkins for the costs of this Court.