Dorothy Elliott, Petitioner,

*v.*

Mae Lewis, Respondent.

463 S.W.2d 698

(*Knoxville*, September Term, 1970.)

Opinion filed February 17, 1971.

John S. Wrinkle, Chattanooga, for petitioner.

Stone, Kirkland & Eaves, Chattanooga, for respondent.

Mr. Justice Chattin delivered the opinion of the Court.

We granted certiorari in this cause solely for the purpose of considering the propriety of the Court of Appeals in holding the denial of the demand-for a jury in this case was harmless error.

After a thorough consideration of the case, we are of the opinion the writ was improvidently granted and adopt the original opinion and the opinion on petition to rehear of the Court of Appeals as the opinion of this Court, which are hereinafter set out.

We will hereinafter give our reason for such action.

"This is an unlawful detainer action commenced in Hamilton County Court of General Sessions where on October 27, 1969, judgment was rendered in favor of the plaintiff Mrs. Lewis for accrued rent in the amount of $250.00. The judgment also provided that a writ of possession might issue to put Mrs. Lewis in possession.

"No writ of possession was ever issued.

"On November 3, 1969, defendant was granted an appeal to the Circuit Court on the pauper's oath. No ques-

tion of defendant's right to appeal without giving bond was made in the Circuit Court.

"On December 22, 1969, the case came on for trial before the Court without a jury on the merits, resulting in a judgment for $420.00 accrued rent and an order restoring plaintiff to possession of the property. The same order granted defendant an appeal to this Court giving bond or otherwise complying with the law. On the following day defendant filed her pauper's oath for appeal to this Court.

"Plaintiff-appellee has moved for a dismissal of the appeal on the ground defendant failed to perfect her appeal by giving bond for rent pending the appeal.

■ "As above pointed out, plaintiff made no question of defendant's right to appeal to the Circuit Court without surrendering possession and giving bond. T.C.A. 23-1634, however, expressly makes applicable in unlawful detainer suits the provisions of T.C.A. 23-1321—23-1325 relating to bond and possession in actions of ejectment pending appeal where appeals have been granted and perfected from the Circuit Court to the Supreme Court and to this Court. See also *Hawkins v. Alexander,* 91 Tenn. 359, 362 [18 S.W. 882]. We must, therefore, give first consideration to the motion to dismiss.

"These sections of the Code provide that where the plaintiff prevails he shall be placed in immediate possession by writ of possession unless the defendant appeals to the Supreme Court or the Court of Appeals. In that event the plaintiff is required to execute a bond in double the value of two years' rent 'conditioned that he will pay all costs and damages sustained by defendant from plaintiff's wrongly enforcing said writ.'

"If the plaintiff executes such bond the writ of possession will issue upon his application, 'unles the defendant shall execute a like bond to plaintiff for rent.' T.C.A. 23-1323.

■ "In this case the plaintiff failed to exercise the right to give bond as authorized by T.C.A. 23-1633 and T.C.A. 23-1322. Until that was done defendant was not required to elect whether to surrender possession or give bond for the rent pending appeal. T.C.A. 23-1633 reads:

" '23-1623 Possession pending appeal from justice. When judgment shall be rendered in favor of the plaintiff, in any action of forcible entry and detainer, forcible detainer, or unlawful detainer, brought before a justice of the peace, and a writ of possession shall be awarded, the same shall be executed and the plaintiff restored to the possession immediately; provided, that if the defendant pray an appeal, then, in that case, the plaintiff shall execute bond, with good and sufficient security, in double the value of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of said writ, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.'

"It is to be seen this Section substantially follows the procedure outlined in ejectment suits by T.C.A. 23-1322; 1323 which T.C.A. 23-1634 makes applicable in unlawful detainer suits.

"We think the sense and purpose of this statutory scheme was to give to the land owner the right of immediate possession as contemplated by the statute, conditioned upon giving bond to protect the tenant from damages from wrongful eviction. If the tenant wishes to

retain possession he can do so by giving bond to protect the land owner but it is only after the appeal has been prayed by the defendant and the plaintiff has given bond, that the tenant must choose whether to surrender possession or give bond. Since plaintiff never gave the bond defendant was not called upon to elect. Thus, we do not have here the constitutional question, advanced by defendant's counsel, that to deprive defendant of the right to retain possession pending appeal on the pauper's oath would deny her the equal protection of the law to which she is entitled under the 14th Amendment to the Constitution of the United States. We are not called upon to decide whether, if plaintiff had given bond, defendant could have retained possession pending appeal without first giving a bond for rent. It is conceded that if defendant had surrendered possession she could have appealed on the pauper's oath. If we are correct in the above holding, it follows that she was properly allowed to appeal on taking the oath.

"We must next consider the propriety of the action of the Circuit Court in striking defendant's demand for a jury on the ground the demand came too late.

"The Sessions Judge rendered judgment on October 27, 1969. On November 3, 1969, defendant filed her pauper's oath and was granted an appeal to the Circuit Court. On the same day the papers were marked filed by the Circuit Court Clerk. On November 10, 1969, defendant through her attorney, demanded a jury.

"The case was set for trial on December 1, 1969. On that date the Court sustained plaintiff's motion to strike the demand for trial by jury and the case was assigned for trial on December 22, 1969, with the result already noted.

"T.C.A. 27-501 allows ten days for perfecting appeals from inferior tribunals to the Circuit Court.

"T.C.A. 27-506 provides:

" 'In such case, either party may demand trial by jury within seven days after the right of appeal has accrued.'

"It is argued in support of the motion to strike that the right of appeal 'accrued' the minute the Sessions Judge pronounced judgment and that the right to demand a jury expired seven days thereafter, or on November 3, 1969.

"The History of a Lawsuit, Gilreath, Section 319, states:

" 'Appeals from the judgments of justices of the peace to the circuit court stand for trial at the term to which the appeal is prayed, and the demand for a jury must be made on the first day of that term, provided the appeal is perfected and the papers filed in the circuit court on or before that date. But if the judgment appealed from was rendered by the justice during the sitting of the court, it is then the duty of the justice to file the papers within five days after the appeal was prayed, and, if the term of the court continues for ten days thereafter, the case stands for trial at that term, and the demand for a jury must be made within seven days after the appeal was granted.'

■ "In this case the appeal was granted and perfected during the term of the Circuit Court. The Sessions Court papers were filed on November 3rd, within the five days allowed, in fact on the same date the appeal was allowed. Defendant, therefore, had the full seven days allowed by the statute within which to note on the Clerk's

docket her demand for a jury trial. She made demand within that time and counsequently her right to a jury, under the authority cited, was improperly denied.

"We are of the opinion, however, the denial of a trial by jury in this case does not constitute reversible error. We have very carefully reviewed the evidence preserved by bill of exceptions and find nothing which would have justified the submission of the case to a jury if the case had been placed on the jury docket. Defendant has had her day in court but failed to appear and testify or offer any evidence in opposition to the case made out against her. Since the undisputed evidence sustains the holding of the court that plaintiff is entitled to possession and to a judgment of $420.00 for past-due rents up to the date of trial in the Circuit Court, the error in denying a trial by jury was not prejudicial. We are forbidden to reverse for such error. *Edwards v. State,* 194 Tenn. 64, 250 S.W.2d 19; T.C.A. 27-116, 27-117.

"Affirmed at the cost of appellant and remanded for enforcement of the judgment."

ON PETITION TO REHEAR

■ "Appellant has filed a petition to rehear complaining that we failed to respond to her insistence the notice to quit on September 19, 1969, was not good since the current month ended the following day. We find this insistence wholly without merit and hold that notice to quit on the 19th is also notice to quit one day later. 'The law cares not for trifles.'

■ "It is also insisted, since defendant was improperly denied a trial by jury, she was under no duty to appear at the trial and that this court erred in not re-

manding the case for trial before the court and a jury. We can not agree. It was defendant's duty to appear and present any defense she claimed to have, if for no other reason, so that this court on appeal could determine whether the error denying a trial by jury was prejudicial and whether she was entitled to a remand and a new trial on the evidence adduced. She will not be permitted in this way to try the case piecemeal. The clerk is directed to file no more petitions to rehear without permission of the Court.

"Petition denied."

It should be further said, the record shows respondent had been renting the property on a monthly basis to petitioner which ended on the 20th day of each month; and that on July 28, 1969, respondent notified petitioner to vacate the premises on or before September 19, 1969.

The record also shows respondent offered evidence which showed liability on the part of petitioner for the amount of the judgment.

Petitioner did not offer any evidence to rebut any of the above evidence.

Accordingly, there was no issue to be submitted to a jury. Had the trial judge granted petitioner's demand for a jury, under this record, it would have been his duty to direct a verdict for the amount of the verdict which was capable of mathematical calculation; and that the notice to vacate was timely as a matter of law.

It is not a denial of the constitutional right to a jury trial for the trial judge to direct a verdict when there is no legal doubt as to the conclusion to be drawn from the whole evidence upon the issues to be tried. *Lasater Lum-*

*ber Co., et al vs. Harding,* 28 Tenn.App. 296, 189 S.W.2d 583 (1945)

On the question of notice, which was a question of law, see *Spillman vs. Walt,* 59 Tenn. 574 (1873). In that case the tenancy was from month to month. The landlord gave more than a month's notice, as in this case, and held it to be timely. To the same effect see *Smith vs. Holt,* 29 Tenn.App. 31, 193 S.W.(2d) 100 (1945).

The judgments of the trial judge and the Court of Appeals are affirmed. The case is remanded to the trial court for the enforcement thereof.

DYER, CHIEF JUSTICE, HUMPHREYS and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.