IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
APRIL 23, 2008 Session

## ELIZABETH BAILEY v. MARY TAYLOR, ET AL.
### and
## MARY TAYLOR v. ELIZABETH BAILEY, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**Nos. CT-005594-05 & CT-002487-05     James F. Russell, Judge**

_____

**Nos. W2007-01563-COA-R3-CV & W2007-00208-COA-R3-CV - Filed August 15, 2008**

_____

These consolidated appeals arise out of two forcible entry and detainer suits filed in general sessions court and appealed to circuit court. For the following reasons, we have determined that one appeal must be dismissed for lack of a final order, and one appeal must be reversed and remanded for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right;**
**Judgment of the Circuit Court in**
**Case No. CT-005594-05 is Reversed and Remanded;**
**Appeal in Case No. CT-002487-05 is Dismissed**

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and WALTER C. KURTZ, SR. J., joined.

Mary Taylor Shelby, *pro se*

James W. Cook, Germantown, TN, for Appellee, Elizabeth Bailey

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

The parties to this appeal have been involved in several cases filed in the general sessions and circuit courts of Shelby County regarding a parcel of property located at 4988 Eighth Road, in Memphis, Tennessee. The property was formerly owned by Mrs. Annie Bell Yancey, who died intestate in 1990. Mrs. Yancey had two children: Mr. Israel Bailey, of Memphis, Tennessee; and Ms. Rosie Bailey Wright, a mentally incompetent ward of the state of Ohio. Israel Bailey and Rosie Bailey Wright each inherited an undivided one-half interest in the property. Israel Bailey maintained the property and rented it to tenants whenever possible to offset the costs of taxes, insurance, and maintenance. Israel Bailey died in December of 2004, and he was survived by his wife Elizabeth Bailey. She continued to maintain and rent the property at issue.

Ms. Mary Taylor, the appellant, is the daughter of Rosie Bailey Wright. According to Mary Taylor, when Israel Bailey died, her side of the family, being the Wrights, "through a majority vote decided that the property should remain in the Wright family" and appointed her to be their representative. On or about December 22, 2004, Mary Taylor filed a quitclaim deed with the Shelby County Register, by which the incompetent Rosie Bailey Wright purportedly transferred all her interest in the property to her daughter, Mary Taylor. However, the deed was not signed by Rosie Bailey Wright. On January 31, 2005, Mary Taylor's sister, Laverne Wright, executed another quitclaim deed as "guardian" of Rosie Bailey Wright, again purporting to transfer the property to Mary Taylor. However, Laverne Wright had been removed as guardian of Rosie Bailey Wright several years before by an Ohio probate court.

On March 18, 2005, Mary Taylor filed a forcible entry and detainer action in general sessions court against Elizabeth Bailey and her current tenant. On March 28, 2005, Mary Taylor executed another quitclaim deed conveying her interest in the property to her son, Arthur Taylor, Jr. Nevertheless, on April 19, 2005, Mary Taylor testified in general sessions court that she owned the property at issue. The general sessions court dismissed the case, at Mary Taylor's cost, and she appealed to circuit court (Case No. 2487-05). On August 3, 2005, Elizabeth Bailey filed counter-, cross-, and third party-claims against Mary Taylor, Arthur Taylor, Jr., and Laverne Wright, alleging that they conspired to fraudulently deprive her of the property.

Arthur Taylor, Jr. then filed a separate forcible entry and detainer action in general sessions court solely against Elizabeth Bailey's tenant. It appears that Mary Taylor again testified that she owned the property, and the general sessions court issued a writ of possession to have the tenant removed from the property.[1] Mary Taylor then moved into the house and changed the locks.

---

[1] This case was also appealed to circuit court and consolidated with the other case, but it is not at issue on appeal. The only parties involved on appeal are Elizabeth Bailey and Mary Taylor.

On August 12, 2005, Elizabeth Bailey filed a forcible entry and detainer action in general sessions court against Mary Taylor and her son, Arthur Taylor, Jr. The general sessions court entered judgment against Mary Taylor for $1,200, plus court costs, and ordered that Elizabeth Bailey be restored to possession of the premises. The court ordered that a writ of possession be issued, but a writ was not issued at that time and Mary Taylor remained in possession of the property. Mary Taylor appealed the case to circuit court (Case No. 5594-05) and filed a "Pauper's Oath in Lieu of Appeal Bond" on October 6, 2005. There is no affidavit of indigency in the record before us, but for whatever reason, on October 24, 2005, Mary Taylor posted a cash bond of $2,400.

The appeals from general sessions were consolidated in circuit court. In the appeal of Case No. 5594-05, Elizabeth Bailey filed a "Motion to Increase Defendant's Bond or to Dismiss Appeal" on November 1, 2006. The motion stated that more than one year had passed since Mary Taylor posted the $2,400 bond, and during that time, she had been residing in the property at issue without paying rent or expenses associated with the property. Ms. Bailey sought an order increasing Mary Taylor's bond by an additional $2,400, or in the alternative, dismissal of her appeal. On November 13, 2006, the circuit court entered an order requiring Mary Taylor to post an additional $2,400 bond or else her appeal would be dismissed. Mary Taylor filed a motion to reconsider, claiming that she was unable to post an additional bond and arguing that the original $2,400 bond was sufficient to secure the costs of appeal pursuant to Tennessee Code Annotated section 27-5-103. On December 21, 2006, the circuit court dismissed Mary Taylor's appeal and remanded the case to general sessions court for enforcement of the judgment against Mary Taylor. A writ of possession was issued on January 26, 2007, and executed on February 2, 2007. Mary Taylor timely filed a notice of appeal.

In the other case, Case No. 2487-05, the circuit court entered a default judgment against Mary Taylor and Laverne Wright on Elizabeth Bailey's counter-claim for fraud, and it awarded Ms. Bailey $50,000 in compensatory damages and $10,000 in punitive damages against each defendant. A consent order was entered dismissing Arthur Taylor, Jr., and he agreed to pay $5,000 in damages to Elizabeth Bailey, stipulating that he had no interest in the property at issue. Mary Taylor filed a notice of appeal to this Court, but we determined that the circuit court had not yet entered a final order because it did not issue a ruling on the forcible entry and detainer suit filed by Mary Taylor, and the court had expressly reserved a ruling on various motions for sanctions filed by Elizabeth Bailey. The appellant was given twenty days from May 15, 2008, in which to obtain a final order, but to date, she has failed to do so. Therefore, the appeal filed in Case No. 2487-05 is hereby dismissed.

## II. ISSUES PRESENTED

Mary Taylor presents numerous issues for review regarding Case No. 5594-05. However, we have determined that it is only necessary for us to address one of the issues presented: Whether the circuit court erred in dismissing Mary Taylor's appeal because she failed to post an additional bond. For the following reasons, we conclude that the circuit court's action was erroneous, and we reverse and remand for further proceedings.

## III. STANDARD OF REVIEW

-3-

We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

Our statutes provide two alternative remedies for having a forcible entry and detainer ("FED") action retried in circuit court. ***Bell v. Smith***, 185 Tenn. 11, 15, 202 S.W.2d 654, 656 (1947); ***Robertson v. Penn Mut. Life Ins. Co.***, 22 Tenn. App. 387, 123 S.W.2d 848, 850 (1938). "One remedy is by appeal, and the other is by certiorari and supersedeas." ***Id.*** An unsuccessful defendant in an FED action has ten days following the general sessions judgment to file a direct appeal. ***Citifinancial Mortgage Co., Inc. v. Beasley***, No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *4 (Tenn. Ct. App. Jan. 11, 2007) (citing Tenn. Code Ann. § 29-18-128 (2000)). The defendant may appeal as of right "upon giving ordinary cost bond or upon the pauper's oath." ***Hawkins v. Alexander***, 91 Tenn. 359, 18 S.W. 882, 882 (1892); *see also* ***Newport Housing Auth. v. Ballard***, 839 S.W.2d 86, 90 (Tenn. 1992) (explaining that a party may appeal an FED action to circuit court upon the pauper's oath). However, if the defendant appeals as of right, the plaintiff may nevertheless regain possession of the premises by posting a bond for twice the amount of one year's rent. ***Beasley***, 2007 WL 77289, at *4. In other words, a direct appeal by the defendant from an adverse judgment does not forestall a writ of possession. ***Bell***, 202 S.W.2d at 656. In relevant part, Tennessee Code Annotated section 29-18-130 addresses the situation as follows:

> (a) When judgment is rendered in favor of the plaintiff, in any action of forcible entry and detainer, forcible detainer, or unlawful detainer, brought before a judge of the court of general sessions, and a writ of possession is awarded, the same shall be executed and the plaintiff restored to the possession immediately.
>
> (b)(1) If the defendant pray an appeal, then, in that case, the plaintiff shall execute bond, with good and sufficient security, in double the value of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.[2]

A direct appeal does not deprive the plaintiff of the right to possession resulting from the general sessions judgment, but before obtaining the writ of possession, the statute requires the plaintiff to execute a bond in double the value of one year's rent, and for costs and damages, "the idea being that

---

[2] It is important to note that section (b)(2) of Tennessee Code Annotated section 29-18-130 provides different bond requirements, not applicable here, for cases where a landlord has brought an FED action in response to a tenant's failure to pay rent.

the bond thus given by plaintiff will protect the defendant fully, and the possession of the land will protect the plaintiff fully, pending the final result of the case on appeal." ***Ammons v. Coker***, 124 Tenn. 676, 139 S.W. 732, 733 (1911).

If the unsuccessful defendant desires to retain possession of the property throughout the litigation, he may petition the court for writs of certiorari and supersedeas instead of filing an appeal. ***Beasley***, 2007 WL 77289, at *4 (citing *Nashville Hous. Auth. v. Kinnard*, 207 S.W.2d 1019, 1020 (1949); Tenn. Code Ann. § 29-18-129 (2000)). If issued, the writs of certiorari and supersedeas will stay the writ of possession and allow for review in circuit court. ***Id.*** Specifically, the supersedeas stays the writ of possession, and the writ of certiorari presents the case for review. ***R & E Prop. v. Jones***, No. 03A01-9804-CV-00133, 1999 WL 38282, at *6 (Tenn. Ct. App. E.S. Jan. 13, 1999) *perm. app. denied* (Tenn. June 14, 1999). Tennessee Code Annotated section 29-18-129 provides:

> The proceedings in such [FED] actions may, within thirty (30) days after the rendition of judgment, be removed to the circuit court by writs of certiorari and supersedeas, which it shall be the duty of the judge to grant, upon petition, if merits are sufficiently set forth, and to require from the applicant a bond, with security sufficient to cover all costs and damages; and, if the defendant below be the applicant, then the bond and security shall be of sufficient amount to cover, besides costs and damages, the value of the rent of the premises during the litigation.

Thus, to succeed in a petition for writs of certiorari and supersedeas, the defendant must file the petition within thirty days following the general sessions judgment, sufficiently set forth merits, and post bond to cover costs, damages, *and* the value of the rent during litigation. ***Beasley***, 2007 WL 77289, at *4.

Pursuing writs of certiorari and supersedeas is an alternative to the unsuccessful FED defendant, but it is important to note that it is a distinct remedy and not simply a substitute for filing an appeal. ***Beasley***, 2007 WL 77289, at *4, n.6. The difference between an appeal and certiorari and supersedeas in unlawful detainer actions is that if the certiorari and supersedeas is granted by the circuit court, the general sessions court may not issue the writ of possession to the plaintiff, and thus the defendant is permitted to remain in possession of the disputed premises despite the fact that the plaintiff was victorious in general sessions court. ***Amberwood Apartments v. Kirby***, No. 89-121-II, 1989 WL 89761, at *3 (Tenn. Ct. App. M.S. Aug. 9, 1989) (citing Tenn. Code Ann. § 29-18-129 (1980); *Ammons v. Coker*, 124 Tenn. 676, 680-81, 139 S.W. 732, 732-33 (1911)). In sum, filing an appeal leaves the defendant vulnerable to the writ of possession, where certiorari and supersedeas enable the defendant to remain in possession if he posts bond sufficient to cover the costs of appeal, damages, *and* rent during the litigation. ***Beasley***, 2007 WL 77289, at *4, n.6.

In the case before us, the record does not contain either a notice of appeal from general sessions or a petition for writs of certiorari and supersedeas to conclusively establish which type of

remedy Mary Taylor pursued. However, both parties' subsequent motions, the circuit court's orders, and the briefs on appeal all refer to Mary Taylor's "appeal" from general sessions court. In addition, one of the documents contained in the record from general sessions court bears a handwritten notation stating, "Appealed GS case to Circuit Court 10-6-05 . . . No Certiorari filed to stop writ." There is nothing in the record to suggest that Mary Taylor filed a petition for writs of certiorari and supersedeas, which would require a bond for "rent of the premises during the litigation." *See* Tenn. Code Ann. § 29-18-129 (2000).

As previously discussed, Mary Taylor initially filed a "Pauper's Oath in Lieu of Appeal Bond," but later she posted a cash bond of $2,400. The basis for the $2,400 figure is unclear, but one of Elizabeth Bailey's later motions described Mary Taylor's $2,400 bond as "Defendant's statutory bond of two times the yearly rent." The circuit court later ordered Mary Taylor to post an additional $2,400 bond, and it dismissed her appeal when she failed to do so. We are unable to find any basis for such an order. If an unsuccessful FED defendant files an appeal, Tennessee Code Annotated section 29-18-130(b)(1) requires the *plaintiff* to post a bond of "double the value of one (1) year's rent" before obtaining a writ of possession. However, "that section does not require [the defendant] to do anything." ***Mid-State Trust IV v. Swift***, No. 01-A-01-9703-CV-0014, 1997 WL 379152, at *2 (Tenn. Ct. App. M.S. July 9, 1997). Even if the plaintiff does not avail himself of the writ of possession, and suffers the defendant to remain in possession, the defendant is not required to post an additional bond for rents. ***Hawkins v. Alexander***, 91 Tenn. 359, 18 S.W. 882, 882 (1892); *see also* ***Lynn v. Tellico Mfg. Co.***, 76 Tenn. 29 (1881). According to our Supreme Court's statement in ***Hawkins***, 91 Tenn. 359, 18 S.W. at 882, the unsuccessful FED defendant may appeal as of right "upon giving ordinary cost bond or upon the pauper's oath." We find no support for the circuit court's order requiring Mary Taylor to post a $4,800 bond. Therefore, we reverse the circuit court's order dismissing Mary Taylor's appeal and remand this case for further proceedings. Elizabeth Bailey's request for attorney's fees on appeal is respectfully denied.

## V. CONCLUSION

For the aforementioned reasons, we reverse the decision of the circuit court and remand for further proceedings in Case No. 5594-05. The appeal filed in Case No. 2487-05 is hereby dismissed for lack of a final judgment. Costs of the appeal in Case No. 5594-05 are taxed to the appellee, Elizabeth Bailey, and costs of the appeal in Case No. 2487-05 are taxed to the appellant, Mary Taylor, for all of which execution may issue if necessary.

 

_____
ALAN E. HIGHERS, P.J., W.S.