# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 2, 2013 Session

## EDITH JOHNSON ET AL. v. MARK C. HOPKINS ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Davidson County**
**No. 12C-3345      Joseph P. Binkley, Jr., Judge**

_____

**No. M2012-02468-SC-S09-CV - Filed December 19, 2013**

_____

We granted permission to appeal to determine whether a provision of the unlawful detainer statute, which requires that a tenant appealing to the circuit court from a general sessions court's judgment in favor of a landlord must post a bond equal to one year's rent of the premises, applies regardless of whether the tenant has surrendered possession of the property prior to the appeal. We hold that the plain language of Tennessee Code Annotated section 29-18-130(b)(2) (2012) does not require that a tenant appealing to the circuit court from an adverse general sessions court judgment in an unlawful detainer action post a bond corresponding to one year's rent of the premises if the tenant has surrendered possession of the premises prior to the appeal. Accordingly, the cost bond that the tenants have already posted pursuant to Tennessee Code Annotated section 27-5-103(a) (2000) is sufficient to perfect their appeal and confer subject matter jurisdiction on the Circuit Court. We affirm the Circuit Court's judgment denying the landlords' motion to dismiss and remand the case to the Circuit Court for further proceedings consistent with this decision.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Trial Court Affirmed and Case Remanded.**

CORNELIA A. CLARK, delivered the opinion of the Court, in which GARY R. WADE, C.J., JANICE M. HOLDER, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Martin Thomas Walsh, Jr., Nader Baydoun, and Stephen C. Knight, Nashville, Tennessee, for the appellants, Edith Johnson and Lisa Miller.

James G. King, Nashville, Tennessee, for the appellees, Mark C. Hopkins and Milton Williams.

**OPINION**

**I. Factual and Procedural History**

This interlocutory appeal began as an unlawful detainer action brought by Edith Johnson and Lisa Miller ("Landlords") against Mark C. Hopkins and Milton Williams ("Tenants") in the General Sessions Court for Davidson County. The record on appeal is extremely sparse and includes neither the lease nor a description of the property at issue.[1] The following factual and procedural summary is gleaned from the technical record and two sections of Landlords' brief, the latter of which Tenants stipulated as accurate in their own brief.

On June 5, 2012, Landlords filed a detainer warrant—an action to regain possession of the premises and recoup damages—against Tenants. Landlords alleged that Tenants had breached the lease as a result of their failure to pay rent on the premises located at 1520 Hampton Street in Nashville, Tennessee. Landlords sought possession of the property as well as all damages resulting from the breach of the lease, including unpaid rent and attorneys' fees. According to the warrant, Mr. Williams was served on June 7, 2012, and Mr. Hopkins was served on June 11, 2012. The hearing, originally scheduled for June 28, 2012, was postponed by agreement of Tenants and counsel for Landlords three times during the months of June and July, and ultimately was rescheduled for August 9, 2012.

On August 8, 2012, Tenants surrendered possession of the Hampton Street property. Landlords changed the locks on the premises the same day. On August 9, 2012, the date set for the hearing, Tenants did not appear at the hearing. The General Sessions Court for Davidson County entered a default judgment, granting Landlords possession of the property as well as a $42,500 judgment for past due rent and attorneys' fees.[2]

On August 17, 2012, Tenants filed a notice of appeal to the Circuit Court for Davidson County and posted an appeal bond for costs, pursuant to Tennessee Code Annotated section 27-5-103(a) (2000), by depositing $250.00 cash with the Clerk of the General Sessions Court. On August 30, 2012, Landlords moved to dismiss the appeal on the grounds that Tenants failed to comply with the provisions of Tennessee Code Annotated section 29-18-130(b)(2)

---

[1] The record does not reflect whether the property is commercial or residential. The distinction is unnecessary in this appeal, however, because the appeal bond requirements are the same. The Uniform Residential Landlord and Tenant Act contains no independent appeal bond requirements. See Tenn. Code Ann. §§ 66-28-101 to -521 (2004 & Supp. 2013).

[2] The record does not indicate how the $42,500 judgment of the General Sessions Court was allocated between past due rent and attorneys' fees.

-2-

(2012), requiring the posting of a bond equal to one year's rent, and thus failed to perfect their appeal of the General Sessions Court's judgment. Because Tenants failed to comply with the unlawful detainer statute's bond requirement, Landlords argued, the Circuit Court lacked subject matter jurisdiction over the matter. On September 27, 2012, Tenants filed a response to the motion to dismiss, arguing that a bond of one year's rent is only required when a tenant remains in possession of the premises pending appeal. Tenants argued that because they had surrendered possession, they should not be required to post such a bond.

On September 28, 2012, the Circuit Court heard Landlords' motion to dismiss. On October 4, 2012, the Circuit Court entered an order denying Landlords' motion to dismiss, reasoning that a bond for one year's rent was unnecessary because Landlords had already obtained rightful possession of the Hampton Street property when Tenants vacated the premises.

On October 19, 2012, Landlords sought and obtained the Circuit Court's permission to file a Tennessee Rule of Appellate Procedure 9 application for interlocutory appeal as to whether posting a bond equal to one year's rent under Tennessee Code Annotated section 29-18-130(b)(2) is necessary where, prior to seeking appeal, the tenant surrenders the property that is the subject of the underlying unlawful detainer action. On December 19, 2012, the Court of Appeals denied the Landlords' Rule 9 application. Landlords then filed a Tennessee Rule of Appellate Procedure 11 application for permission to appeal, which we granted.

## II. Standard of Review

Subject matter jurisdiction involves the court's lawful authority to adjudicate a controversy brought before it. Chapman v. DaVita, Inc., 380 S.W.3d 710, 712 (Tenn. 2012); Meighan v. U.S. Sprint Commc'ns Co., 924 S.W.2d 632, 639 (Tenn. 1996). Subject matter jurisdiction is conferred by statute or the Tennessee Constitution; the parties cannot confer it by appearance, plea, consent, silence, or waiver. In re Estate of Trigg, 368 S.W.3d 483, 489 (Tenn. 2012). Any order entered by a court lacking jurisdiction over the subject matter is void. Id. Therefore, subject matter jurisdiction is a threshold inquiry, which may be raised at any time in any court. Id.

Where subject matter jurisdiction is challenged, the party asserting that subject matter jurisdiction exists, in this case Tenants, has the burden of proof. Chapman, 380 S.W.3d at 712; Redwing v. Catholic Bishop for the Diocese of Memphis, 363 S.W.3d 436, 445 (Tenn. 2012). A determination of subject matter jurisdiction involves questions of law; therefore, rulings on such questions are reviewed de novo on appeal, without any presumption of correctness. In re Estate of Trigg, 368 S.W.3d at 489; see also Lovlace v. Copley, __ S.W.3d

\_\_, No. M2011-00170-SC-R11-CV, 2013 WL 4773078, at *10 (Tenn. Sept. 6, 2013); Chapman, 380 S.W.3d at 712-13.

In this appeal, the existence of subject matter jurisdiction depends upon the construction of a statute. Statutory construction is also a question of law to which de novo review applies on appeal. Mills v. Fulmarque, Inc., 360 S.W.3d 362, 366 (Tenn. 2012); Lind v. Beaman Dodge, Inc., 356 S.W.3d 889, 895 (Tenn. 2011).

### III. Analysis

*A. History of the Unlawful Detainer Statute's Bond Provision*

This is an unlawful detainer action. Tenn. Code Ann. § 29-18-104 (2012). Unlawful detainer is a statutory action unknown at common law. Newport Hous. Auth. v. Ballard, 839 S.W.2d 86, 89 (Tenn. 1992); Robert Larry Brown, Note, Right to a Jury Trial in Forcible Entry and Detainer Actions in General Sessions Courts in Tennessee, 6 Mem. St. U. L. Rev. 59, 60 (1975) [hereinafter Brown, 6 Mem. St. U. L. Rev.]. The first statute making unlawful detainer actions a part of Tennessee law was enacted in 1821. Act of Oct. 19, 1821, ch. 14, 1821 Tenn. Pub. Acts 16. The 1821 statute also codified the common law actions of forcible entry and forcible detainer. Id.; Brown, 6 Mem. St. U. L. Rev. at 62. This statute was designed to "streamline the cumbersome and more formal common law action[s], such as ejectment, used to determine rightful possession of real property." Newport Hous. Auth., 839 S.W.2d at 89. "The statute was intended to prevent bloodshed, violence, and breaches of the peace, too likely to arise from wrongful intrusion into the possession of another . . . ." Cain P'ship, Ltd. v. Pioneer Inv. Servs. Co., 914 S.W.2d 452, 457 (Tenn. 1996) (quoting Childress v. Black, 17 Tenn. (9 Yer.) 317, 320 (1836)).

Unlawful detainer occurs when the tenant enters by contract, either as "tenant or as assignee of a tenant, or as personal representative of a tenant, or as subtenant, or by collusion with a tenant, and, in either case, willfully and without force, holds over possession from the landlord, or the assignee of the remainder or reversion." Tenn. Code Ann. § 29-18-104. Under the current statute, Tennessee Code Annotated sections 29-18-101 to -134 (2012 & Supp. 2013),[3] an unlawful detainer action may begin, as here, in the general sessions court, id. § 29-18-107.[4] The party initiating the unlawful detainer action, here Landlords, must "give

---

[3] The text of the unlawful detainer statute has not changed since this case was resolved by the courts below. Thus, quotations and citations in this opinion refer to the current statute.

[4] The circuit court also has original jurisdiction over unlawful detainer actions. Tenn. Code Ann. § 29-18-108.

bond, with good security, to pay all costs and damages which shall accrue to the defendant for the wrongful prosecution of the suit." Id. § 29-18-111. The action is then tried by the general sessions judge without a jury "and in all respects like other civil suits before the court of general sessions." Id. § 29-18-119(a). An unlawful detainer action resolves possessory interests only; the merits of title "shall not be inquired into." Id. § 29-18-119(c). If the general sessions judge decides the action in favor of the landlord, then the judgment must order the landlord "restored to possession" of the property, direct "that a writ of possession or restitution issue therefor[,]" and award "the costs of suit." Id. § 29-18-124. If the general sessions judge decides that the landlord should recover possession, then the judge "shall be authorized and it shall be the judge's duty to ascertain the arrearage of rent, interest, and damages, if any, and render judgment therefor[.]" Id. § 29-18-125. A judgment of the general sessions court awarding a landlord possession is stayed for ten days. Id. § 29-18-126. This ten-day stay corresponds to the ten days provided in Tennessee Code Annotated section 27-5-108 (2000 & Supp. 2013) for an appeal. Id. § 29-18-128.

Parties appealing to the circuit court from a ruling of the general sessions court in an unlawful detainer action must satisfy the bond required for appeal.[5] Id. § 29-18-130. The appeal bond provision of the unlawful detainer statute has evolved considerably over time. The appeal bond was originally identical to the bond required to obtain a writ of certiorari. Act of Feb. 7, 1850, ch. 74, § 1, 1849-50 Tenn. Pub. Acts 237, 237. Yet the appeal bond soon came to be regarded as insufficient to protect the interests of landlords, in light of the fact that tenants often remained in possession of the premises during the pendency of an appeal without paying rent. See Underwood v. Liberty Mut. Ins. Co., 782 S.W.2d 175, 177 (Tenn. 1989), overruled on other grounds by Bazner v. Am. States Ins. Co., 820 S.W.2d 742, 745-46 (Tenn. 1991); Buchanan v. Robinson, 62 Tenn. 147, 151-52 (1873); Clark v. Shoaf, 302 S.W.3d 849, 855 (Tenn. Ct. App. 2008). As a result, the statute was amended in 1870-71 to require that the landlord be immediately restored to possession once a judgment was rendered in his favor in an unlawful detainer action, on the condition that the landlord post a bond for "double the value of one year's rent" should the tenant appeal the judgment. Act of Feb. 9, 1870, ch. 64, § 1, 1869-70 Tenn. Pub. Acts 81, 81-82; Act of Nov. 25, 1871, ch. 65, § 1, 1871 Tenn. Pub. Acts 57, 57.

The 1870-71 amendments neglected to include an appeal bond requirement for tenants, however, so the statute was amended again in 1879 to provide that if a tenant appealed and wished to stay the writ of possession, she would be required to execute a bond equal to that

_____

[5] Another provision of the unlawful detainer statute provides for judicial review in the circuit court pursuant to writs of certiorari and supersedeas, which stay the execution of the writ of possession. Tenn. Code Ann. § 29-18-129. This provision of the statute is not at issue in this appeal because Tenants appealed as of right to the Circuit Court pursuant to Tennessee Code Annotated section 29-18-128.

required of a landlord who sought to obtain possession while the tenant appealed. Act of Mar. 11, 1879, ch. 85, §§ 1-2, 1879 Tenn. Pub. Acts 111, 111-12. This provision required the party in possession to execute a bond "so as to protect the other party as to rents and damages that may be due the other party or parties."[6] Id. § 1, 1879 Tenn. Pub. Acts at 112.

In 1981, however, the Legislature repealed the statute that codified the 1879 amendment. Act of May 20, 1981, ch. 449, § 1(6), 1981 Tenn. Pub. Acts 667, 668 (repealing Tenn. Code Ann. § 29-18-132). As a result of the repeal, Tennessee Rule of Civil Procedure 62.05 became the governing law for the bond necessary to stay the writ of possession pending appeal in unlawful detainer actions. Tenn. Code Ann. § 29-18-132 (Supp. 1981) (citing the repeal of section 29-18-132 by the 1981 Act and referring to Tenn. R. Civ. P. 62 as the governing law).

The language of Tennessee Rule of Civil Procedure 62.05 as of 1981 is the same in all relevant respects to the language of the current version of Rule 62.05, which provides:

A bond for stay shall have sufficient surety and:

(1) If an appeal is from a judgment directing the payment of money, the bond shall be conditioned to secure the payment of the judgment in full, interest, damages for delay, and costs on appeal . . . .

(2) If an appeal is from a judgment ordering the assignment, sale, delivery or *possession of personal or real property*, the bond shall be conditioned to secure obedience of the judgment and *payment for the use, occupancy, detention and damage or waste of the property from the time of appeal until delivery of possession of the property and costs on appeal* . . . . A party may proceed as an

---

[6] Decisions that followed made it clear that when a tenant surrendered possession of the premises and sought judicial review through appeal of an adverse judgment in an unlawful detainer action, no bond covering rent was required . See Elliot v. Lewis, 463 S.W.2d 698, 700 (Tenn. 1971); Hawkins v. Alexander, 18 S.W. 882, 882 (Tenn. 1892) (holding that a cost bond or pauper's oath was sufficient to perfect an appeal where the tenant surrendered possession pending appeal). However, we emphasize that an unlawful detainer action is not the only remedy available to landlords. Where a tenant fails to perform "a valid promise contained in the lease," such as to pay rent, and that promise was a "significant inducement to the making of the lease," the landlord may choose either to "terminate the lease and recover damages"—usually accomplished by bringing an unlawful detainer action in order to regain possession of the premises—or to continue the lease and seek "appropriate equitable and legal relief, including (a) recovery of damages, and (b) recovery of the reasonable cost of performing tenant's promise." Cain, 914 S.W.2d at 456, 459; id. at 464 (O'Brien, J., concurring) (recognizing that the unlawful detainer action itself amounts to the landlord's termination of the lease); Matthews v. Crofford, 167 S.W. 695, 698 (Tenn. 1914) (holding that service of process in the unlawful detainer suit operated as constructive re-entry sufficient to terminate the lease).

indigent person without giving any security as provided in Rule 18 of Tennessee Rules of Appellate Procedure.

Tenn. R. Civ. P. 62.05 (emphasis added).

Two years later, the Legislature amended the unlawful detainer statute and added the bond requirement of section 29-18-130(b)(2) at issue in this appeal. To understand the meaning of the 1983 amendment, it is helpful to consider section 29-18-130 in its entirety:

(a) When judgment is rendered in favor of the [landlord], in any action of . . . unlawful detainer, brought before a judge of the court of general sessions, and a writ of possession is awarded, the same shall be executed and the [landlord] restored to the possession immediately.

(b)(1) If the [tenant] pray an appeal, then, in that case, the [landlord] shall execute bond, with good and sufficient security, in double the value of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.

(b)(2) In cases where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant, subdivision (b)(1) shall not apply. In that case, if the [tenant] prays an appeal, the [tenant] shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause. The [landlord] shall not be required to post a bond to obtain possession in the event the [tenant] appeals without complying with this section. The [landlord] shall be entitled to interest on the judgment, which shall accrue from the date of the judgment in the event the [tenant's] appeal shall fail.

Tenn. Code. Ann. § 29-18-130.

In this Court, Landlords continue to argue that this statute requires all tenants to post a bond equal to one year's rent when appealing an adverse judgment, whether or not they have surrendered the premises. Landlords therefore claim that the Circuit Court lacked subject matter jurisdiction in this case because Tenants failed to satisfy the bond requirement for appealing prescribed by the plain language of section 29-18-130(b)(2).

Tenants respond that the bond requirement applies only to tenants who remain in possession of the property during an appeal. Because they had surrendered possession of the property prior to appealing, Tenants assert that they were not required to post a bond equivalent to one year's rent and that they satisfied the only statutory bond applicable to them by depositing the $250.00 cash bond with the Clerk of the General Sessions Court for Davidson County.

The dispute between the parties about the meaning of this statute is also presented in a series of unpublished decisions of the Court of Appeals. Some panels of the Court of Appeals have held that a statutory bond for rent is not required when the tenant has surrendered possession of the premises, as the bond provision "is intended to protect the landlord or plaintiff and to provide a source from which rents and damages which accrue during the pendency of the appeal and while the [tenant] is still in possession of the premises can be collected." Mason v. Wykle, No. 03A01-9508-CV-00262, 1996 WL 87455, at *2 (Tenn. Ct. App. Feb. 29, 1996); accord Sturgis v. Thompson, No. W2010-02024-COA-R3-CV, 2011 WL 2416066, at *3 n.4 (Tenn. Ct. App. June 13, 2011); Valley View Mobile Home Parks, LLC v. Layman Lessons, Inc., No. M2007-01291-COA-R3-CV, 2008 WL 2219253, at *2-3 (Tenn. Ct. App. May 27, 2008).

However, other panels of the Court of Appeals have concluded that the statutory language applies to all tenants appealing adverse judgments, regardless of whether they retain possession of the premises during the appeal. See Swanson Devs., LP v. Trapp, No. M2006-02310-COA-R3-CV, 2008 WL 555705, at *5 (Tenn. Ct. App. Feb. 29, 2008); Amberwood Apartments v. Kirby, No. 89-121-II, 1989 WL 89761, at *1, *3 (Tenn. Ct. App. Aug. 9, 1989).

*B. Statutory Construction*

As we determine whether section 29-18-130(b)(2) applies only to tenants who retain possession of the premises during an appeal or to all tenants, we are guided by the following familiar rules of statutory construction. A court's primary aim "is to carry out legislative intent without broadening or restricting the statute beyond its intended scope." Lind, 356 S.W.3d at 895. Courts presume that every word in a statute has meaning and purpose and that these words "should be given full effect if the obvious intention of the General Assembly is

not violated by so doing." Id. Words "must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." Mills, 360 S.W.3d at 366. When the meaning of a statute is clear, "[courts] apply the plain meaning without complicating the task" and enforce the statute as written. Lind, 356 S.W.3d at 895. At the same time, courts "must be circumspect about adding words to a statute that the General Assembly did not place there." Coleman v. State, 341 S.W.3d 221, 241 (Tenn. 2011).

We are also cognizant that "statutes 'in pari materia'—those relating to the same subject or having a common purpose—are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute." Graham v. Caples, 325 S.W.3d 578, 582 (Tenn. 2010) (quoting Wilson v. Johnson Cnty., 879 S.W.2 807, 809 (Tenn. 1994)). Courts must adopt the most "reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws." Carver v. Citizen Utils. Co., 954 S.W.2d 34, 35 (Tenn.1997). Even though "'the rules of civil procedure are not statutes, the same rules of statutory construction apply.'" Lind, 356 S.W.3d at 895 (alteration in original) (quoting Thomas v. Oldfield, 279 S.W.3d 259, 261 (Tenn. 2009)).

Additionally, "new statutes change pre-existing law only to the extent expressly declared." State v. Dodd, 871 S.W.2d 496, 497 (Tenn. Crim. App. 1993); see also In re Deskins' Estates, 381 S.W.2d 921, 922 (Tenn. 1964). A statute "'not repealing directly or by implication any previous law, is cumulative to such law' and 'repeals by implication are not favored.'" McDaniel v. Physicians Mut. Ins. Co., 621 S.W.2d 391, 394 (Tenn. 1981) (alteration in original) (quoting Hibbett v. Pruitt, 36 S.W.2d 897, 900 (Tenn. 1931)). Indeed, we presume that the Legislature knows the law and makes new laws accordingly. Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 527 (Tenn. 2010).

Applying these rules, we conclude that the bond requirement of section 29-18-130(b)(2) is not jurisdictional and applies only to those tenants in an unlawful detainer action who wish to stay the writ of possession after a general sessions court's judgment in favor of the landlord and retain possession of the property during the appeal. Considering section 29-18-130 as a whole, it is clear that subsections (a) and (b)(1) contemplate that a landlord will obtain possession of the property soon after being awarded the writ of possession. Section 29-18-130(a) states that when the general sessions court awards a writ of possession to a landlord, the writ shall be executed "immediately." Tenn. Code Ann. § 29-18-130(a). Thus, predicated upon the premise that the landlord has regained possession of the property, section 29-18-130(b)(1) requires the landlord in possession of the property to give a bond for "double the value of one (1) year's rent," if a tenant appeals. Id. § 29-18-130(b)(1). This bond, which must be "conditioned to pay all costs and damages accruing from the wrongful enforcement of such writ [of possession]," protects the tenant who has been wrongfully dispossessed. Id.

Precisely because the tenant has surrendered possession of the property, the statute requires the landlord to post a bond for double the value of a year's rent if the tenant appeals.

The plain language of section (b)(2), on the other hand, enacted in 1983, presumes that the tenant has retained possession of the premises. Under this section, if a tenant appeals a judgment for a landlord, she must post a bond for "one (1) year's rent of the premises, *conditioned to pay all costs and damages accruing from the failure of the appeal, including rent* and interest on the judgment as provided for herein." Id. §29-18 -130(b)(2) (emphasis added). The plain language of section (b)(2) refers to damages that "accru[e]" "from the failure of the appeal," with reference specifically to "rent." The natural and ordinary meaning of the language as written refers to "rent" that the tenant is "accruing" while the appeal is pending. However, rent can be accruing against the tenant during the appeal only if the tenant has remained in possession of the property; a tenant cannot be held liable for rent if she is not in possession of the property.[7]

Thus, the plain language of section (b)(2) requiring the posting of a bond equal to one year's rent is based on the premise that the tenant remains in possession of the property during the appeal. This reading of the statute's plain language is reinforced by another portion of section (b)(2), which states that the "[landlord] shall not be required to post a bond *to obtain possession* in the event the [tenant] appeals without complying with this section," i.e. without posting the bond. Id. § 29-18-130(b)(2) (emphasis added). The ordinary and plain meaning of this language indicates that the landlord has not "obtain[ed] possession" of the premises and that the entirety of section (b)(2) applies to situations where the landlord has not regained possession of the premises. Specifically, this portion of section (b)(2) relieves the landlord of the obligation of posting the bond prescribed in section (b)(1), which is ordinarily necessary to regain possession, and allows the landlord to regain possession immediately if the tenant in possession fails to post a bond of one year's rent when appealing a judgment for the landlord.

---

[7] See Matthews, 167 S.W. at 697 (observing that once a tenant has surrendered possession during the pendency of an appeal of an unlawful detainer action by writ of certiorari, she is no longer liable for the rent of the premises accruing after the surrender). See also Nashville Record Prods., Inc. v. Mr. Transmission, Inc., 623 S.W.2d 281, 284 (Tenn. Ct. App. 1981) (affirming trial court's holding disallowing award for rent from time landlord had possession and use of premises onward); Galbreath v. Harris, 779 S.W.2d 392, 394 (Tenn. Ct. App. 1989) (holding that "'[g]enerally, liability for future rent under a lease is extinguished by cancellation of the lease, as where the lease is cancelled in legal proceedings or by mutual agreement of the parties. However, the tenant remains liable for rent due or accruing before the cancellation becomes effective.'") (quoting 52 C.J.S. *Landlord & Tenant* § 491 (1968)).

The language of section 29-18-130(b)(2), which contemplates that a tenant may appeal without posting bond, indicates that the bond is not jurisdictional but rather is non-jurisdictional and designed to stay the landlord's writ of possession. In contrast, Tennessee Code Annotated section 27-5-103(a) prescribes the jurisdictional cost bond, which is always required of a party seeking to appeal from general sessions to circuit court. This bond requirement is not merely a formality but rather a necessity; without it, the appeal cannot be perfected. Bernatsky v. Designer Baths & Kitchens, LLC, No. W2012-00803-COA-R3-CV, 2013 WL 593911, at *3 (Tenn. Ct. App. Feb. 15, 2013); Carter v. Batts, 373 S.W.3d 547, 551 (Tenn. Ct. App. 2011).

Our reading of the plain language of section 29-18-130(b)(2) as prescribing a non-jurisdictional bond requirement for staying the writ of possession pending appeal is also harmonious and consistent with the plain language of Tennessee Rule of Civil Procedure 62.05, which relates to the same subject—bonds required to secure a stay pending appeal. The Tennessee Rules of Civil Procedure "govern procedure in the circuit or chancery courts in all civil actions," and "apply after appeal or transfer of a general sessions civil lawsuit to circuit court." Tenn. R. Civ. P. 1. Thus, Rule 62.05 applies to Tenants' appeal to Circuit Court. Rule 62.05 states plainly that when an appeal is taken from a judgment "ordering the . . . possession of personal or real property," the bond to secure a stay pending appeal shall "secure obedience of the judgment and payment for the use, occupancy, detention and damage or waste of the property *from the time of appeal until delivery of possession of the property* and costs on appeal." Tenn. R. Civ. P. 62.05(2) (emphasis added). Where real property is concerned, Rule 62.05 requires a bond in an amount sufficient to cover rent and waste to the property only "until delivery of possession of the property." Id. Once possession of the property has been relinquished, Rule 62.05 does not require that the bond include an amount sufficient to cover rent of the property during an appeal.[8]

Reading section 29-18-130(b)(2) together with Rule 62.05, as we are required to do, we conclude that the plain language of the statute merely supplements the general language of the rule by specifying the precise amount of rent (one year's rent) that is sufficient for the bond when a tenant in an unlawful detainer action wishes to retain possession of property pending an appeal.

_____

[8] However, if a tenant who relinquishes possession wishes to stay the judgment of the general sessions court "directing the payment of money," the tenant must post a bond, pursuant to Rule 62.05(1), "conditioned to secure the payment of the judgment in full, interest, damages for delay, and costs on appeal." Tenn. R. Civ. P. 62.05(1). This bond must be posted in addition to the cost bond required by Tennessee Code Annotated section 27-5-103(a).

In light of section 29-18-130(b)(2)'s plain references to "accruing," "rent," and a landlord who has not yet "obtain[ed] possession" of the premises, and as a consequence of reading the statute harmoniously with Tennessee Rule of Civil Procedure 62.05, we conclude that Tennessee Code Annotated section 29-18-130(b)(2) prescribes the non-jurisdictional appeal bond required only of a tenant who has retained possession of the premises and wishes to stay execution of a landlord's writ of possession pending appeal. This statute does not apply to a tenant who has surrendered possession of the premises at issue prior to an appeal of an adverse judgment. Interpreting the statute to require a bond of all tenants who appeal an adverse judgment, regardless of possession, would amount to reading a requirement into the statute that was not explicitly placed there by the Legislature, which courts should not do. Coleman, 341 S.W.3d at 241.[9]

---

[9] Although our conclusion is based on the statute's plain language, we note that the legislative history of Tennessee Code Annotated section 29-18-130(b)(2) also indicates that the 1983 amendment was intended to apply only when a tenant appeals a judgment for the landlord and remains in possession of the premises. Senator Leonard C. Dunavant, the Senate sponsor, explained that the amendment was needed because

> if a person is ousted from a piece of property or as a renter because he is not paying his rent and he appeals it, he can sit there until the suit is heard and never pay his rent and all that will happen is that he will be ousted again. And this seems unfair.

Hearing on S.B. 217 on the Senate Floor, 93d Gen. Assemb. (Tenn. Mar. 17, 1983) (statement of Sen. Leonard C. Dunavant). The bill's House sponsor, Chris Turner, offered a similar rationale:

> Sometimes, after the landlord has gotten his judgment and it's just for nonpayment of rent, then the other party can appeal and sometimes it takes as much as a year to get that heard in circuit court. So this just provides that bond be put up so rent would be paid the landlord.

Hearing on H.B. 888 on the House Floor, 93d Gen. Assemb. (Tenn. Apr. 13, 1983) (statement of Rep. Chris Turner).

## IV. Conclusion

As a consequence of reading the plain language of the statute and construing it harmoniously with Tennessee Rule of Civil Procedure 62.05, we agree with the Circuit Court that Tennessee Code Annotated section 29-18-130(b)(2) does not require a tenant who has surrendered possession of the property to post a bond for one year's rent when appealing an adverse judgment of the general sessions court in an unlawful detainer action. We therefore affirm the judgment of the Circuit Court denying the Landlords' motion to dismiss the Tenants' appeal and remand this matter to the Circuit Court for further proceedings consistent with this decision. The costs of this appeal are taxed to Landlords, Edith Johnson and Lisa Miller, and their surety, Baydoun & Knight, PLLC, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, JUSTICE