MOSES BUCHANAN *v.* A. M. ROBINSON.

1. UNLAWFUL ENTRY AND DETAINER. *Appeal Bond.* In cases of unlawful detainer, where an appeal is granted to defendant by the Circuit Judge, he is entitled to possession, upon his giving the proper bond, the Court has no power to order a writ of possession, upon plaintiff's giving the bond prescribed in appeals from judgments before three Justices.

Code cited and construed: §§3373a, 3373b, 3363.

Acts cited: Acts of 1849, 1870.

2. STATUTES. *Not Repealed by Implication.* Statutes are not repealed by implication, unless the repugnancy between the new provision and the former Statute be plain and unavoidable.

1 Kent, 508. (*a*).

FROM RUTHERFORD.

Appeal from the Circuit Court. W. H. WILLIAMSON, Judge.

J. W. BURTON, THOS. L. DODD, H. P. KEEBLE and J. L. CANNON for M. Buchanan.

PALMER & RICHARDSON and S. D. HANCOCK for A. M. Robinson.

NICHOLSON, C. J., delivered the opinion of the Court.

Robinson commenced an action of unlawful detainer against Buchanan, before three Justices of the Peace of Rutherford County, to obtain possession of a tract of land. While the case was pending before the Justices, and before they rendered a judgment, Buchanan filed his petition and obtained from a Circuit Judge, the writ of certiorari, by which the case was transferred to the Circuit Court. No motion was made in the Circuit Court to dismiss the petition, but the parties proceeded to trial on the merits, as if the cause had come into the Court upon appeal, or had originated there by summons. Upon the trial, a judgment was rendered in favor of Robinson, and a writ of possession was ordered to issue. Thereupon Buchanan prayed an appeal in error to this Court, which was granted, upon his giving bond in double the value of two years rent, which bond was executed and the appeal granted. The record then proceeds, and defendant having appealed, and a writ of possession having been awarded said plaintiff, it is ordered, that he give bond and security in the sum of $2,400, for the rent of the land during litigation, conditioned to be paid if defendant prosecutes his appeal successfully. Upon the issuance of the writ of possession awarded to plaintiff, defendant applied by petition to one of the Judges of this Court, and obtained the writ of supersedeas, superseding the execution of the writ of possession. Plaintiff now makes his motion to discharge the supersedeas, and allow the writ of possession to be executed.

The action of the Circuit Judge, in ordering a writ

of possession to issue to the plaintiff, notwithstanding the defendant had appealed to this Court, and given bond in \$2,400 to cover double the value of two years rents, seems to have been based upon his construction of §3373a and §3373b of the Code. The first of these sections provides, that whenever a plaintiff in actions of forcible entry, etc., shall recover judgment before three Justices of the Peace, he shall be immediately restored to possession ; but if the defendant should appeal from said judgment to the Circuit Court, the plaintiff shall still be entitled to possession, upon his giving bond in double the value of one year's rent, conditioned to pay all costs and damages for his wrongfully enforcing his writ of possession, and to abide by the judgment of the appellate Court on final hearing.

The other section authorizes the proceedings before the three Justices, to be removed to the Circuit Court by certiorari and supersedeas, giving bond and security sufficient to cover all costs and damages; if the defendant is the applicant, the bond given by him to be sufficient to cover the rent during the litigation, as well as costs and damages. It is observed, that the provisions of these two sections are confined to the proceedings to be had, while the causes are pending in the Circuit Court, upon appeal from judgments rendered by three Justices of the Peace, or upon the removal of such cause after judgment before three Justices of the Peace, by certiorari and supersedeas.

No provision is made as to the judgments to be rendered in the Circuit Court, either when the case

originated in that Court, or when cases are brought into that Court by certiorari, before judgment rendered before the Justices, which is the present case. Nor is ther any express provision, as to the character of bonds to be executed upon appeals from the Circuit Court to this Court, from judgments rendered in the Circuit Court. There is no real consistency in the two sections, as to the character of bonds to be given upon appeals and upon certiorari, after judgments before Justices. In the first section, it is provided, that if defendant is the appellant, the plaintiff shall retain possession, upon giving bond for double the value of one year's rent. In the second section, if the defendant is the applicant for certiorari, he, and not the plaintiff is to give bond in double the value of one year's rent.

It is probable, that this inconsistency is the result of oversight in the draftsmen of the second section, or of the omission of words necessary to express the real intention of the Legislature. But as the law is written, when the defendant appeals from the Justices' judgment, the plaintiff gives bond for the rents; but when the defendant takes the case up by certiorari, the defendant gives bond for the rents.

In the present case the defendant took the case to the Circuit Court by certiorari, before judgment by the Justices was rendered, and gave no bond for rents, but only the usual bond for costs and damages. No motion to dismiss the petition for want of jurisdiction was made, but the parties proceeded to trial, as upon

appeal, or upon suit commenced in the Circuit Court by summons. The plaintiff obtained judgment, but, at the time, the defendant was in possession of the land, and, of consequence, the judgment was that plaintiff recover possession. The difficulty arises at that point. The defendant, as he had a right to do, appealed, and gave bond in double the value of two years' rents as prescribed by the second section, in cases of certiorari from Justices' judgments. According to the reading of this section, it is fairly to be inferred, that, upon giving bonds for the rents to accrue "during litigation," the defendant was to remain in possession. If the defendant was not to remain in possession during the litigation, there could be no reason for such a bond. But the plaintiff claimed the right to be put in possession, notwithstanding defendant's appeal, and upon giving the bond prescribed in the first section, the Court ordered a writ of possession to issue to the plaintiff. This was done upon the assumption that as the plaintiff had the right to possession, upon giving such bond, upon appeal by defendant from the Justices' judgment, therefore the Court could give possession to the plaintiff, upon defendant's appeal to the Supreme Court. It is obvious, that no such exercise of power is expressly provided for in the section, nor is it by any means clear, that such power exists by fair implication from the language of that section. Before the enactment of §3373$a$ and §3373$b$, the law was settled, that upon appeal by defendant from a judgment against him in forcible entry, etc., he continued in

possession during the litigation.    Statutes are not con-
sidered to be repealed by implication, unless the re-
pugnancy between the new provision and the former
Statute be plain and unavoidable.    1 Kent, 508, (*a*).

There is no such clear repugnance between §3363,
which was the Act of 1849, and §3373*a*, which was
the Act of 1870, as authorizes us to hold that the
latter repeals the former.    Upon the facts of this case,
as disclosed in the record, we are of opinion, that
when the appeal was granted to defendant by the Cir-
cuit Judge, upon his giving the proper bond, the
Court had no power to order a writ of possession,
upon plaintiff giving the bond prescribed in appeals
from judgments before three Justices, and, therefore,
that the supersedeas was properly granted.    The mo-
tion to discharge the supersedeas is disallowed.