IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 18, 2016 Session

## JOSEPH H. JOHNSTON v. TENNESSEE STATE ELECTION COMMISSION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 15890II  Carol L. McCoy, Chancellor**
_____

**No. M2015-01975-COA-R3-CV – Filed September 27, 2016**
_____

This appeal requires us to consider whether the plaintiff can bring a declaratory judgment action against the Tennessee State Election Commission in chancery court. We have reviewed the relevant authorities and have determined the plaintiff is not entitled to a declaratory judgment under the Uniform Administrative Procedures Act or the Declaratory Judgment Act.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

ANDY D. BENNETT, J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Joseph H. Johnston, Nashville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Blumstein, Solicitor General; and Janet M. Kleinfelter, Deputy Attorney General; for the appellee, Tennessee State Election Commission.

## OPINION

This is the second appeal involving Joseph Johnston's grievance with Tenn. Code Ann. § 2-7-133(i). The impetus of the first appeal occurred in 2011, when Mr. Johnston filed suit against, *inter alia*, the Davidson County Election Commission ("DCEC") and the Tennessee Attorney General, challenging the constitutionality of Tenn. Code Ann. § 2-7-133(i),[1] which sets forth the requirements for any person attempting to be elected by a write-

---

[1] Tennessee Code Annotated section 2-7-113(i) states as follows:

in ballot. In the August 2011 election, Mr. Johnston voted for himself as a write-in candidate for councilperson in Davidson County's 18th District, but his vote was not counted because he had not submitted a notice to the DCEC in accordance with Tenn. Code Ann. § 2-7-133(i). The trial court dismissed Mr. Johnston's claims for lack of subject matter jurisdiction and for failure to state a claim. Mr. Johnston appealed, and in *Johnston v. Davidson County Election Commission*, No. M2011-02740-COA-R3-CV, 2014 WL 1266343 (Tenn. Ct. App. Mar. 26, 2014) ("*Johnston* I"), this Court affirmed the trial court, concluding that the statute is constitutional as written and as applied.

In May 2015, Mr. Johnston filed notice with the DCEC, pursuant to Tenn. Code Ann. § 2-7-133(i), that he was a write-in candidate for the office of councilperson-at-large in the election to be held on August 6, 2015. On May 18, 2015, Mr. Johnston filed a Petition for Declaratory Order with the Tennessee State Election Commission ("TSEC") requesting the TSEC to require the "Davidson County Administrator of Elections to comply with all statutory requirements relating to educating the public about Tenn. Code Ann. § 2-7-133(i) and post instructions at all polling places regarding its limitations on voters' right to cast informed votes in the August 6, 2015 election and all future elections" and to "post the names of all 'qualified Write-in Candidates,' including [Mr. Johnston] at each polling place where such elective offices are to be voted on." On July 13, 2015, the TSEC entered an order denying Mr. Johnston's request, stating as follows:

> Tenn. Code Ann. § 4-5-223 provides that "any affected person may petition an agency for a declaratory order as to the *validity or applicability* of a statute, rule or order within the primary jurisdiction of the agency." Mr. Johnston's Petition does not seek an order with regard to the validity or applicability of a statute; rather it seeks an order that would impose additional obligations on the Davidson County Administrator of Elections above what present law requires. Because Mr. Johnston's requested relief is akin to injunctive relief, and not an order regarding the validity or applicability of a

Any person attempting to be elected by write-in ballots shall complete a notice requesting such person's ballots be counted in each county of the district no later than twelve o'clock (12:00) noon, prevailing time, fifty (50) days before the general election. Such person shall only have votes counted in counties where such notice was completed and timely filed. The notice shall be on a form prescribed by the coordinator of elections and shall not require signatures of any person other than the write-in candidate requesting ballots be counted. The coordinator of elections shall distribute such form to the county election commissions. Upon timely receiving the notice required by this subsection (i), the county election commission shall promptly inform the state coordinator of elections, the registry of election finance, as well as all other candidates participating in the affected election. A write-in candidate may withdraw the notice by filing a letter of withdrawal in the same manner as the original notice was filed no later than the fifth day before the election.

statute, the State Election Commission is completely without authority and jurisdiction to grant it.

Further, the State Election Commission does not have any duty— statutory or otherwise—to perform the functions requested by Mr. Johnston's Petition. The State Election Commission does not administer election laws; rather, it appoints individuals to serve on the Davidson County Election Commission.

The present appeal arises from a Petition for Declaratory Judgment Mr. Johnston filed on July 23, 2015, pursuant to Tenn. Code Ann. § 4-5-225(a), in the Chancery Court of Davidson County regarding "the applicability of Tenn. Code Ann. § 2-7-133(i) to write-in candidates and the duty of the [TSEC] to educate the voting public about the strict limitations imposed on the right to cast informed votes for write-in candidates who are qualified or not qualified under the terms of this statute . . . ." Mr. Johnston requested a declaratory judgment be entered "which clarifies the duty of the [TSEC] to publish instructions applying the restrictions of Tenn. Code Ann. § 2-7-133(i)." On July 31, 2015, Mr. Johnston filed notice of his write-in candidacy for the office of metro tax assessor in the March 2016 election.

On August 20, 2015, TSEC filed a motion to dismiss Mr. Johnston's petition, arguing it was barred by the doctrine of res judicata because Mr. Johnston's claims had already been decided by this Court in *Johnston* I. On August 31, 2015, Mr. Johnston filed an amended complaint asserting the following "alternate issue": "Whether the [TSEC] has the authority and jurisdiction to interpret and administer the application of Tenn. Code Ann. § 2-7-133(i) to write-in candidates running for election office in Tennessee." Mr. Johnston also filed a response in opposition to TSEC's motion to dismiss asserting that the doctrine of res judicata does not apply because the claims he raised were based on new facts which did not exist at the time of his first lawsuit.

The chancery court held a hearing on September 4, 2015 and entered an order on September 22, 2015 dismissing Mr. Johnston's complaint and amended complaint on the ground that they were barred by the doctrine of res judicata. Specifically, the court found that 1) *Johnston* I was rendered by a court of competent jurisdiction; 2) TSEC and DCEC are in privity for purposes of res judicata; 3) the claims arise out of the same "transaction or occurrence"; and 4) the underlying judgment was final and on the merits. Mr. Johnston appeals.

ANALYSIS

As an initial matter, we must determine whether the chancery court had subject matter jurisdiction to hear Mr. Johnston's suit for declaratory judgment. *See* TENN. R. APP. P. 13(b) (providing that an appellate court "shall" consider whether the trial court had subject matter jurisdiction "whether or not presented for review"); *Johnson v. Hopkins*, 432 S.W.3d 840,

844 (Tenn. 2013) (stating that "subject matter jurisdiction is a threshold inquiry, which may be raised at any time in any court"); *Toms v. Toms*, 98 S.W.3d 140, 143 (Tenn. 2003) ("Appellate courts must address the issue of subject matter jurisdiction even if the issue is not raised in the trial court."). The concept of subject matter jurisdiction involves a court's power to adjudicate a particular type of case or controversy. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004). "Subject matter jurisdiction is conferred by statute or the Tennessee Constitution; the parties cannot confer it by appearance, plea, consent, silence, or waiver." *Johnson*, 432 S.W.3d at 843-44 (citing *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012)). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing TENN. R. CIV. P. 12.08).

Mr. Johnston brought his complaint for declaratory judgment pursuant to the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-225(a), which authorizes the filing of a suit for declaratory judgment in the chancery court of Davidson County to determine the "legal validity or applicability of a statute, rule or order of an agency to specified circumstances." However, Tenn. Code Ann. § 4-5-106(c) expressly states that Tenn. Code Ann. § 4-5-225 "shall not apply to . . . the state election commission . . . ." Therefore, the UAPA expressly excludes the TSEC from the declaratory judgment provisions, and Mr. Johnston was not entitled to the declaratory relief he requested pursuant to Tenn. Code Ann. § 4-5-225(a).[2]

Having found that Mr. Johnston cannot proceed under the UAPA, we now consider whether he can proceed under the Declaratory Judgment Act, Tenn. Code Ann. § 29-14-101– 113. The appellee argues that the rule of sovereign immunity bars Mr. Johnston's suit for declaratory judgment under the Declaratory Judgment Act. We agree.

The doctrine of sovereign immunity is enshrined in the Tennessee Constitution and has been codified by our Legislature in the Tennessee Code. Article 1, section 17 of the Tennessee Constitution states, in part, "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tennessee Code Annotated section 20-13-102(a) provides:

> No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea or demurrer of the law officer of the state, or counsel employed for the state.

---

[2] Mr. Johnston filed a Petition for Declaratory Order before the TSEC pursuant to Tenn. Code Ann. § 4-5-223. Tennessee Code Annotated section 4-5-106(c) also expressly excludes the TSEC from the declaratory order provisions of Tenn. Code Ann. § 4-5-223.

Pursuant to these constitutional and statutory provisions, "suits cannot be brought against the State unless explicitly authorized by statute*." Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 849 (Tenn. 2008); *see also Greenhill v. Carpenter*, 718 S.W.2d 268, 270 (Tenn. Ct. App. 1986) ("[N]o suit against the State may be sustained absent express authorization from the Legislature.").

In *Colonial Pipeline Company v. Morgan*, 263 S.W.3d at 827 (Tenn. 2008), the Tennessee Supreme Court specifically addressed the interplay between the doctrine of sovereign immunity and the Declaratory Judgment Act in the context of subject matter jurisdiction. The Court held that the Declaratory Judgment Act grants a court subject matter jurisdiction to prevent the enforcement of an unconstitutional statute and to "issue declaratory or injunctive relief against the Defendants in their individual capacity, *so long as the court's judgment is tailored to prevent the implementation of unconstitutional legislation* and does not 'reach the state, its treasury, funds, or property.'" *Colonial Pipeline Co.*, 263 S.W.3d at 853-54 (quoting Tenn. Code Ann. § 20-13-102) (emphasis added). Thus, an allegation pertaining to an unconstitutional statute is a threshold requirement to remove or waive immunity, and Mr. Johnston has not made such an allegation in this suit.[3] Here, Mr. Johnston's complaint and amended complaint sought a declaration as to the TSEC's duty to educate voters about the provisions of Tenn. Code Ann. § 2-7-133(i); there is no request for a declaration of unconstitutionality. Accordingly, the chancery court lacked jurisdiction to hear his suit for declaratory judgment under the Declaratory Judgment Act.

CONCLUSION

The chancery court lacked subject matter jurisdiction to hear Mr. Johnston's petition; therefore, the matter is vacated and the trial court is instructed to dismiss Mr. Johnston's complaint. Costs of the appeal are assessed against the appellant, Mr. Johnston.

_____
ANDY D. BENNETT, JUDGE

---

[3] In *Johnston* I, this Court considered Mr. Johnston's constitutional challenge to Tenn. Code Ann. § 2-7-133(i).

- 5 -