

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 1, 2017

## GEORGE CAMPBELL, JR. v. TENNESSEE BUREAU OF INVESTIGATION

**Appeal from the Chancery Court for Wayne County**
**No. 2015-CV-5580  Stella L. Hargrove, Judge**

_____

### No. M2016-01683-COA-R3-CV

_____

This appeal involves an inmate/Appellant's petition for the release of public records under the Tennessee Public Records Act. Appellant sought the Tennessee Bureau of Investigation's ("TBI") records concerning a criminal investigation. Citing the exemption for TBI investigative records under Tennessee Code Annotated Section 10-7-504(a)(2)(A), the trial court denied Appellant's motion for summary judgment and dismissed his Tennessee Public Records Act petition. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and W. NEAL MCBRAYER, JJ., joined.

George Campbell, Jr., Mountain City, Tennessee, appellant, *pro se.*

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Blumstein, Solicitor General; and Austin Payne, Assistant Attorney General, for the appellee, Tennessee Bureau of Investigation.

### OPINION

### I. Background

On July 29, 2015, George Campbell, Jr. ("Appellant"), an inmate, sent a letter to the Tennessee Bureau of Investigation ("TBI," or "Appellee") to request public records under the Tennessee Public Records Act ("TPRA"), Tenn. Code Ann. § 10-7-501, *et seq*.

Mr. Campbell sought all records "concerning the death, robbery, police investigation[, and] prosecution… [in the case of] Kevin McConico…." (the "McConico Records"). On August 20, 2015, the TBI responded that the requested documents were part of a TBI investigative file; therefore, the TBI informed Appellant that the requested documents were exempt from disclosure and are accessible only by court order or subpoena.

On September 16, 2015, Appellant, acting *pro se*, filed a petition in the Chancery Court for Wayne County ("trial court"), seeking release of the McConico Records under the TPRA. To this end, Appellant argued that the requested TBI records concerned an investigation "more than (twenty-years) 20 years" old, which "has long ago come to its conclusion and… there is no pending litigation concerning this matter." Appellant also sought costs and attorney's fees under the TPRA. On October 22, 2015, Appellee filed its response, seeking dismissal of Appellant's petition for failure to state a claim on the grounds that TBI investigation records are exempt from disclosure under Tennessee Code Annotated Section 10-7-504(a)(2)(A).

On November 6, 2015, Appellant filed a motion for summary judgment. Appellant attached only a memorandum of law to his motion. On November 20, 2015, Appellee filed its response, opposing Appellant's motion and noting that Appellant's motion for summary judgment was deficient in that it failed to include a statement of undisputed facts. On April 27, 2016, Appellant filed a statement of undisputed facts; Appellee filed its response to the statement of undisputed facts on May 2, 2016. On July 18, 2016, the trial court entered an order denying Appellant's motion for summary judgment and dismissing Appellant's petition, stating:

> This matter came before the [c]ourt upon [Appellant's] Motion for Summary Judgment…; [Appellee's] Response to [Appellant's] Motion for Summary Judgment…; [Appellant's] Statement of Undisputed Facts…; and [Appellee's] Response to [Appellant's] Statement for Undisputed Facts…. Upon consideration of these filings, the Court concurs with [Appellee's] position.
>
> IT IS THEREFORE ORDERED that [Appellant's] Motion for Summary Judgment is DENIED.
>
> Additionally, IT IS THEREFORE ORDERED, ADJUDGED and DECREED that [Appellant's] "Petition/Motion for Access to Public Records" is hereby DISMISSED and the cost assessed against [Appellant] for which execution may issue.

Appellant appeals.

## II. Issues

We restate Appellant's issues on appeal as follows:

1. Whether the trial court erred in denying Appellant's motion for summary judgment and dismissing his TPRA petition.

2. Whether Appellant is entitled to costs and attorney's fees.

## III. Standard of Review

We are cognizant of the fact that Appellant is self-represented in this case. However, "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the *pro se* litigant's adversary. Thus, the courts must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (internal citations omitted).

As an initial matter, Appellant asserts that the trial court's order, *supra*, is insufficient because it does not contain findings of fact and conclusions of law. Undisputedly, the trial court's order denied Appellant's Tennessee Rule of Civil Procedure 56 motion for summary judgment. Tennessee Rule of Civil Procedure 52.01 provides, in relevant part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment…. **Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule**[]… **56**….

(emphasis added). Findings of fact are, therefore, unnecessary in this case because it was decided under Tennessee Rule of Civil Procedure 56. Regardless, the relevant facts are not in dispute. Appellant requested the McConico Records, and the TBI denied

Appellant's request under Tennessee Code Annotated Section 10-7-504(a)(2)(A). Accordingly, the sole question for our review is whether Section 10-7-504(a)(2)(A) exempts disclosure of the McConico Records. This is a question of law, which we review *de novo* on the record with no presumption of correctness. ***Dick Broad. Co., Inc. of Tennessee v. Oak Ridge FM, Inc.***, 395 S.W.3d 653, 671 (Tenn. 2013) ("The granting or denying of a motion for summary judgment is a matter of law, and our standard of review is *de novo* with no presumption of correctness.").

## IV. Analysis

The crux of Appellant's argument is that he was improperly denied access to the McConico Records under the Tennessee Public Records Act ("TPRA"). The TPRA allows for inspection of state, county, and municipal records by citizens of this State, "unless otherwise provided by state law." Tenn. Code Ann. § 10-7-503(a)(2)(A). However, Tennessee Code Annotated Section 10-7-504 exempts certain enumerated records from inspection:

> All investigative records of the Tennessee bureau of investigation… shall be treated as confidential and shall not be open to inspection by members of the public. The information contained in such records shall be disclosed to the public only in compliance with a subpoena or an order of a court of record; provided, however, that such investigative records of the Tennessee bureau of investigation shall be open to inspection by elected members of the general assembly if such inspection is directed by a duly adopted resolution of either house or of a standing or joint committee of either house.

Tenn. Code Ann. § 10-7-504(a)(2)(A).

To the extent that Appellant's first issue requires us to determine the applicability of Section 10-7-504(a)(2)(A), this Court reviews questions of statutory construction *de novo* with no presumption of correctness. ***In re Estate of Tanner***, 295 S.W.3d 610, 613 (Tenn. 2009). This Court's primary goal "is to carry out legislative intent without broadening or restricting the statute beyond its intended scope." ***Johnson v. Hopkins***, 432 S.W.3d 840, 848 (Tenn. 2013) (quoting ***Lind v. Beaman Dodge, Inc.***, 356 S.W.3d 889, 895 (Tenn. 2011)). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. ***In re C.K.G.***, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. ***Eastman Chem. Co. v. Johnson***, 151 S.W.3d 503, 507 (Tenn. 2004). This Court has previously held that Section 10-7-504(a)(2)(A) "is unambiguous and clearly exempts TBI investigative records from public disclosure." ***Higgins v. Gwynn***, No. M2011-00553-COA-R3-CV, 2012 WL 214829, at *2 (Tenn. Ct. App. Jan.

23, 2012). Here, Appellant and Appellee agree that Appellant requested all records "concerning the death, robbery, police investigation[, and] prosecution… [in the case of] Kevin McConico" from the TBI. These records are clearly TBI investigative records, and Appellant has provided no countervailing authority. However, Appellant cites this Court's decision, in **Chattanooga Publishing Co. v. Hamilton County Election Commission**, for the proposition that only records from **active** TBI investigations come under the exemption. **Chattanooga Publ'g Co. v. Hamilton Cnty. Election Comm'n**, No. E2003-00076-COA-R3-CV, 2003 WL 22469808 (Tenn. Ct. App. Oct. 31, 2003). Based on Appellant's contention that the McConico Records involve a "closed… [and] very old" TBI investigation, he argues that the records must be disclosed. We disagree. In **Chattanooga Publishing Co.**, journalists requested certain election records, which became the subject of a subsequent TBI investigation. **Id.** at *1. The trial court dismissed the journalists' petition for the election records under Tennessee Code Annotated Section 10-7-504(a)(2)(A). **Id.** at *1-2. This Court reversed the denial of the journalists' TPRA request on the grounds that the requested election records: (1) were "unquestionably public records" created by the election commission instead of the TBI; and (2) the request preceded the TBI's investigation. **Id.** at *4. Here, the records requested by Appellant were, at all times, part of the TBI file created in the course of its investigation of the McConico case. Under the plain language of Section 10-7-504, such "investigative records" are not subject to the TPRA and must be procured under subpoena or court order. Tenn. Code Ann. § 10-7-504(a)(2)(A). In the absence of such subpoena or court order, the trial court properly denied Appellant's motion for summary judgment and dismissed Appellant's TPRA petition for disclosure of TBI's investigative records.

In his second issue, Appellant contends that he is entitled to costs and attorney's fees, pursuant to Tennessee Code Annotated Section 10-7-505, which provides:

(g) If the court finds that the governmental entity, or agent thereof, refusing to disclose a record, knew that such record was public and willfully refused to disclose it, such court may, in its discretion, assess all reasonable costs involved in obtaining the record, including reasonable attorneys' fees, against the nondisclosing governmental entity.

Having determined that the trial court did not err in dismissing Appellant's petition, he is not entitled to attorney's fees under Tennessee Code Annotated Section 10-7-505. Accordingly, we deny Appellant's request for fees and costs.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, George Campbell, Jr.

Because Mr. Campbell is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

 

_____
KENNY ARMSTRONG, JUDGE