IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2025

## ADEM HOMES, LLC v. ALEXANDRIA HART v. SAID MOAMMED, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-0771-24     Damita J. Dandridge, Judge**

_____

**No. W2024-01375-COA-R3-CV**

_____

This appeal concerns a detainer action. Mekey Adem, Said Moammed, and Adem Homes, LLC ("Adem") ("Landlords," collectively) sought to evict Alexandria Hart ("Tenant") for non-payment of rent. The General Sessions Court for Shelby County ("the General Sessions Court") ruled against Tenant, who then appealed to the Circuit Court for Shelby County ("the Circuit Court"). Tenant attempted to post her birth certificate as the possessory bond to allow her to remain on the premises while her appeal was pending. The Circuit Court rejected this and granted Adem a writ of possession. Ultimately, Tenant was ordered to pay rent she owed plus reasonable attorney's fees. Tenant appeals. We affirm. Pursuant to the lease agreement, Adem is entitled to its reasonable attorney's fees incurred on appeal, the amount of which the Circuit Court is to determine on remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JEFFREY USMAN, J., joined.

Alexandria Hart, Cordova, Tennessee, Pro Se appellant.

Brandon F. McNary, Peter D. Baskind, and J. Malachi Baggett, Memphis, Tennessee, for the appellees, Mekey Adem, Adem Homes, LLC, and Said Moammed.

# MEMORANDUM OPINION[1]

## Background

Landlords rented Tenant a residential property for $1,450 per month. However, Tenant failed to keep up with her rent payments. In late 2023, Landlords initiated a detainer warrant action in the Generals Sessions Court. Tenant countersued Landlords for negligence, asserting that they failed to address certain problems with her residence. In the end, the General Sessions Court entered judgment against Tenant. Tenant appealed to the Circuit Court. Tenant filed a pauper's oath and was allowed to proceed as indigent. Additional procedural history unfolded, including remand to the General Sessions Court to address Tenant's counterclaims, which were dismissed. In February 2024, Tenant appealed to the Circuit Court for a second time.

Meanwhile, Adem sought a writ of possession, as Tenant remained on the premises. Per Tenn. Code Ann. § 29-18-130(b)(2), Tenant was required to post a possessory bond in an amount equal to one year's rent if she wished to remain on the premises while her appeal was pending. Tenant attempted to post her birth certificate as bond. In April 2024, the Circuit Court found that Tenant failed to post sufficient bond and granted a writ of possession to Adem. The Circuit Court noted that this would not affect Tenant's appeal, which remained pending. In May 2024, Tenant vacated the premises. Continuing her appeal, Tenant moved to proceed as indigent. The Circuit Court denied Tenant's motion, finding that since the General Sessions Court already had ruled that Tenant was indigent, the issue of her indigent status was moot.

In August 2024, this matter was heard before the Circuit Court. On the day of the hearing, Tenant nonsuited her counterclaims. She did not put on any proof. Adem, for its part, put on proof of Tenant's failure to pay rent. In August 2024, the Circuit Court entered an order finding that Tenant owed $10,537.00 in unpaid rent and $3,512.33 in reasonable attorney's fees. All in all, the Circuit Court awarded Adem a judgment of $14,049.33. Tenant timely appealed to this Court.

## Discussion

Although not stated exactly as such, Tenant raises the following issues on appeal: 1) whether the Circuit Court erred in granting Adem a writ of possession; 2) whether the

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Circuit Court erred in denying Tenant's motion to proceed as indigent and in rejecting the Pauper's Oath and Uniform Civil Affidavit of Indigence as sufficient to satisfy the possession bond requirement; and 3) whether the Circuit Court erred in dismissing Tenant's counterclaims for negligence under Tenn. Code Ann. § 66-28-304 of the Tennessee Uniform Residential Landlord and Tenant Act. Landlords raise separate issues, which we restate slightly as follows: 1) whether the Circuit Court's judgment should be affirmed for lack of a complete record; 2) whether Tenant's appeal should be dismissed because her appellate brief does not fully adhere to the rules of briefing; and 3) whether Adem should be awarded its reasonable attorney's fees incurred on appeal pursuant to the lease agreement.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first address Landlords' issue of whether the Circuit Court's judgment should be affirmed for lack of a complete record. Landlords argue that, because the record contains no transcript or statement of evidence, we should simply affirm the Circuit Court's judgment. We have previously explained that appellants have the burden to "provide the Court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence does preponderate for or against the findings of the trial court." *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). Otherwise, "there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Id*. However, that presumption does not extend to a trial court's conclusions of law, which are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc.*, 58 S.W.3d at 710. The lack of a transcript or statement of evidence hinders our appellate review of factual issues, but it does not hinder our review of legal issues. We construe Tenant's issues as implicating the Circuit Court's conclusions of law. We therefore decline Landlords' request to summarily affirm the Circuit Court for lack of a complete record and instead consider Tenant's issues.

Landlords also raise an issue of whether this appeal should be dismissed because of deficiencies in Tenant's brief. Landlords cite the rules of briefing found at Tenn. R. App. P. 27 and Rule 6 of this Court. In particular, Landlords assert that Tenant failed to cite to the record concerning what transpired in the Circuit Court, and that she twice relied on cases without providing proper citation. Landlords contend that Tenant's pro se status does not excuse her noncompliance with the rules.

While adhering to the rules of briefing is important, and failing to do so can lead to the dismissal of one's appeal in extreme cases, the Tennessee Supreme Court has recently instructed: "Tennessee courts must reasonably exercise their discretion to excuse technical deficiencies that do not significantly impede the appellate process. . . ." *DiNovo v. Binkley*, 706 S.W.3d 334, 336 (Tenn. 2025). Tenant's brief is not perfect, but neither is it so deficient as to warrant dismissal. The record in this case is not extensive. We can readily discern what Tenant argues and why. We decline to dismiss Tenant's appeal for minor technical deficiencies in her brief.

Turning to Tenant's issues, we address whether the Circuit Court erred in granting a writ of possession to Adem. In its order granting the writ of possession, the Circuit Court found that Tenant failed to post bond equal to one year's rent as required by Tenn. Code Ann. § 29-18-130. Tenant argues that she did post sufficient bond—her birth certificate. She cites a savings bond calculator reflecting that her birth certificate is worth over $9,600. Tenant cites among other cases *Belgravia Square, LLC v. White*, No. W2018-02196-COA-R3-CV, 2019 WL 5837589 (Tenn. Ct. App. Nov. 7, 2019), *perm. app. dismissed Sept. 23, 2020*, for the proposition that the Circuit Court should have evaluated whether her bond was sufficient instead of rejecting it outright. However, *Belgravia Square* merely held that a possessory bond is not jurisdictional in a detainer action; it said nothing about the value of a birth certificate or the need to hold a hearing to determine such. *Id*. at *4.[2] Neither *Belgravia Square* nor any authority cited by Tenant supports her argument that her birth certificate somehow constitutes a sufficient possessory bond. This is unsurprising, as a birth certificate is merely a government-issued document. It has no inherent monetary value. The savings bond calculator referred to by Tenant in no way proves that her birth certificate is worth anything. In a persuasive case, the Federal District Court for the Southern District of Ohio explained as follows when addressing whether a birth certificate holds any value: "Parties may not legally profit from the sale of birth certificates; such documents hold no commercial value. Plaintiff has failed to establish how value could be attributed to birth certificates." *Palmer v. Everson*, No. C-2-08-466, 2008 WL 5109195, at *3 (S.D. Ohio Dec. 1, 2008). Furthermore, the District Court observed: "Birth certificates are non-transferable items and do not qualify as commercial paper." *Id*. at *4. In short, the Circuit Court did not need to hold an evidentiary hearing to conclude that Tenant's birth certificate was an inadequate bond. We affirm the Circuit Court's decision to grant Adem's motion for writ of possession.

---

[2] The Tennessee General Assembly has since amended Tenn. Code Ann. § 29-18-130 to provide, in part, that "an appeal must not be allowed unless the defendant has executed bond . . . in the amount of one (1) year's rent of the premises[.]" Tenn. Code Ann. § 29-18-130(b)(2)(A) (West eff. July 1, 2024). When this amendment became effective, Tenant's case was already before the Circuit Court on appeal. She also had vacated the premises.

We next address whether the Circuit Court erred in denying Tenant's motion to proceed as indigent and in rejecting the Pauper's Oath and Uniform Civil Affidavit of Indigence as sufficient to satisfy the possession bond requirement. While Tenant frames the issue this way, she was not prevented from proceeding as indigent. She already had been found indigent in the General Sessions Court, so the Circuit Court decided the issue was moot. Thereafter, Tenant was allowed to pursue her appeal as indigent. With respect to whether Tenant's pauper's oath and affidavit of indigence relieved her of the obligation to post a possessory bond if she wished to remain on the premises, Tenant asserts that indigent tenants may appeal evictions without posting possession bonds. Tenant refers to our Supreme Court's opinion in *Johnson v. Hopkins*, 432 S.W.3d 840 (Tenn. 2013), which held in part that "the bond requirement of section 29-18-130(b)(2) is not jurisdictional and applies only to those tenants in an unlawful detainer action who wish to stay the writ of possession after a general sessions court's judgment in favor of the landlord and retain possession of the property during the appeal." *Id*. at 848.

*Johnson* does not help Tenant's argument. Once again, Tenant was allowed to pursue her appeal, and she did so. Nevertheless, it was incumbent on Tenant to post a sufficient possessory bond if she wished to remain on the premises while her appeal was ongoing. *See Rentals v. Appelt*, No. E2017-01565-COA-R3-CV, 2018 WL 3701826, at *5 (Tenn. Ct. App. Aug. 3, 2018), *no appl. perm. appeal filed* ("[T]he only relevant fact necessary to restore [the landlord] to immediate possession pending the direct appeal to the Trial Court is [the tenant's] failure to post bond for possession pursuant to Tenn. Code Ann. [§] 29-18-130(b)(2), an administrative fact that the Trial Court easily can ascertain and, indeed, already has found in this case."). Tenant failed to post a possessory bond, and possession was properly restored to Adem. Tenant argues nonetheless that public policy favors her position. Respectfully, that is better addressed to the Tennessee General Assembly. This issue is without merit.

The third and last of Tenant's issues is whether the Circuit Court erred in dismissing Tenant's counterclaims for negligence under Tenn. Code Ann. § 66-28-304. The problem with this issue is that Tenant's counterclaims were not dismissed. As stated by the Circuit Court in its final order, Tenant nonsuited her counterclaims on the day of trial pursuant to Tennessee Rule of Civil Procedure 41. Having nonsuited her counterclaims in the Circuit Court, Tenant may not revive them on appeal. We affirm the Circuit Court's judgment in all respects.

The final issue is whether Adem should be awarded its reasonable attorney's fees incurred on appeal pursuant to the lease agreement. Clause 20.D.2 of the lease agreement provides, as relevant: "Landlord may re-rent the Property and anything in it . . . and any cost in connection therewith shall be borne by the Tenant which may include, but is not limited to the cost of . . . attorney's fees." The Tennessee Supreme Court has stated that

-5-

"our courts do not have discretion to deny an award of fees mandated by a valid and enforceable agreement between the parties. . . ." *Eberbach v. Eberbach*, 535 S.W.3d 467, 479 (Tenn. 2017). The lease agreement is clear that Tenant must bear the costs associated with Adem having to re-rent the property, including attorney's fees. Pursuant to the lease agreement, Adem is entitled to its reasonable attorney's fees incurred on appeal, the amount of which the Circuit Court is to determine on remand. We thus affirm and remand for further proceedings consistent with this Opinion.

## Conclusion

The judgment of the Circuit Court is affirmed, and this cause is remanded to the Circuit Court for collection of the costs below and further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellant, Alexandria Hart, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE